NORRIS *to the use of* SCHWARTZ v. BRUNSWICK *et al.*, *Appellants.*

1. **Execution**: NO LIEN ON PERSONAL PROPERTY FOR PURCHASE PRICE THEREOF. The act of March 31st, 1874, (Sess. Acts, p. 118,) in relation to the right of the seller of personal property to subject the same to execution on a judgment for the purchase price thereof, does not confer a lien so as to bind the property in the hands of any person to whom it may be transferred. Its only effect is to prevent the purchaser from claiming the property as exempt from such an execution. (See R. S. 1879, § 2353.)

2. **Practice**: PRODUCTION OF EVIDENCE. One party may be permitted to read such portions of a deposition as he desires, and the other will then be entitled to read the remainder. But it will not be error if the court requires the whole to be read at once.

3. **Action on Indemnifying Bond**: EVIDENCE. In an action on an indemnifying bond given to the sheriff by an execution creditor, the latter offered to show that after the execution had been levied the defendant in the execution had secretly and without consent of the sheriff taken and sold part of the property levied on. *Held*, that the evidence was not admissible, either as tending to disprove the plaintiff's claim of title, or for the purpose of diminishing the amount of his recovery.

*Appeal from Knox Circuit Court.*—HON. JNO. C. ANDERSON, Judge.

AFFIRMED.

*Wilson & Cover* and *L. H. Waters* for appellants.

*W. C. Hollister* and *J. G. Blair* for respondents.

HOUGH, J.—Under an execution against Joseph B. Schwartz and in favor of S. Brunswick & Co., the sheriff of Knox county levied on certain billiard tables and fixtures claimed by John G. Schwartz to be his property. Thereupon the plaintiffs in the execution executed to the sheriff a bond of indemnity under the statute, and the sheriff sold the property. This suit was brought by the sheriff, on said bond, to the use of John G. Schwartz, to recover the value of the property sold. The plaintiff recovered judgment. The defendants set up that the tables were sold on credit and the judgment under which the execution issued was rendered for the unpaid purchase money, and that the claim of ownership of John G. Schwartz was based upon a pretended sale of said tables to him by Joseph B. Schwartz, made for the purpose of defrauding his creditors. The judgment under which the execution issued was rendered on the 9th day of December, 1875; and the plaintiff Schwartz claimed to have taken the property in controversy, on the 11th day of December, 1875, at a valuation, in part payment of a debt due him from his son, Joseph B. Schwartz.

It is contended by the defendants that under the act of March 31st, 1874, the property was subject to a judg-

1. EXECUTION: no lien on personal property for purchase price thereof.

ment for the purchase money even though the transfer to the plaintiff was not fraudulent. The act referred to is as follows: "In all cases of the sale of personal property, the same shall be subject to execution against the purchaser on a judg-

ment for the purchase price thereof, and shall in no case be exempt from such judgment and execution for the purchase price, as between the vendor, his assignee, heir or legal representative and purchaser." This statute did not, in our opinion, give a lien on the thing sold, so as to bind it in the hands of any person to whom it might be transferred, but its only effect was to prevent the purchaser from claiming such property as exempt from execution. The statute now in force on this subject differs very materially from the act of 1874, and has a much broader scope, and cannot be deemed to be a mere legislative interpretation of the former act. R. S., § 2353. This section declares that personal property sold and not paid for, shall not be exempt from execution under a judgment for the purchase money, except in the hands of an innocent purchaser for value, without notice of the existence of such prior claim for the purchase money. We are of opinion that the act of 1874 gave the judgment creditors in this case no lien upon the property sold for the unpaid purchase money.

The deposition of John G. Schwartz was taken at Fort Madison, Iowa, and filed in the cause, and said Schwartz 2. PRACTICE: production of evidence. being present and examined at the trial, was asked by defendants' counsel, whether he did not, in said depositions, make certain statements. An objection to this question having been sustained by the court, counsel for the defendants then exhibited the deposition to the witness, who acknowledged it to be his, and he was then asked whether said deposition did not contain certain statements made by him in answer to inquiries propounded to him, and objection being made, the witness was not permitted to answer. Subsequently, during the trial, the defendants offered to read to the jury extracts from the deposition, and the plaintiff objecting thereto, the court required the whole deposition to be read. The law on this subject is fully stated in *Prewitt v. Martin*, 59 Mo. 325, and while the defendants could, with propriety, have

been permitted to read such portions of the deposition as they desired to read, and the plaintiff would then have been entitled to read the remainder, yet as the entire deposition was read, and the plaintiff was entitled to have it all read, we do not think the manner in which it was presented to the jury is a ground for reversal.

The court rejected testimony offered by the defendants to show that after the tables had been seized by the sheriff. 3. ACTION ON IN-DEMNIFYING BOND: evidence. Joseph Schwartz, secretly, and without consent of the sheriff, sold certain fixtures belonging to the tables. The court committed no error in excluding this testimony. The fact that Joseph Schwartz wrongfully took the property mentioned from the possession of the sheriff, could not, of itself, affect the title of John Schwartz, nor could it diminish the amount of plaintiff's recovery on the bond. If the property belonged to Joseph Schwartz, no recovery could be had by the plaintiff; but if it belonged to the plaintiff, John Schwartz, the wrongful act of Joseph Schwartz could not affect his right to recover the full value of the property seized.

It is unnecessary to notice the instructions in detail. Viewed collectively, they submitted to the jury, very fairly, the questions raised as to the good faith of the transfer, the delivery and the possession of the tables; and while the phraseology of some of the instructions given for the plaintiff is perhaps subject to criticism, yet in view of all the facts, we do not think the errors they contain are sufficiently serious to warrant a reversal. The other judges concurring, the judgment will be affirmed.