## HAWORTH, *Appellant*, v. FRANKLIN.

1. **Execution:** PERSONAL PROPERTY. The act of March 31st, 1874, in relation to executions, (Sess. Acts, p. 118,) does not authorize the levying of an execution for the purchase price of personal property upon that specific property after it has passed from the purchaser to a stranger.

2. **Moberly Court of Common Pleas.** The fact that one of the defendants in an action of replevin brought in the Moberly court of common pleas, for property found in Sugar Creek township, Randolph county, does not live in that township, will not defeat the jurisdiction of the court if the plaintiff and one defendant live there.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

REVERSED.

This was an action of replevin for a piano, brought in the Moberly court of common pleas against defendants Franklin and Williams. A. J. Viele, the original owner, sold the piano to Mrs. Gillis, taking her note for the purchase money. Mrs. Gillis gave it to her daughter, who sold it to the plaintiff Haworth. Viele transferred the note to Joseph Shippen, who sued and obtained a judgment upon it. Upon this judgment execution was issued and levied upon the piano after the sale to plaintiff. The levy was made by defendants Williams and Franklin, the former being sheriff and the latter deputy sheriff of Randolph county. The piano was taken from the home of plaintiff in Sugar Creek township, in that county, and was stored by defendants in the same township, and was th er

found when the writ of replevin was served.    Franklin lived in the township, but Williams did not.

*O. T. Rouse* and *W. J. Hollis* for appellant.

*A. F. Denny* for respondents.

### I.

SHERWOOD, C. J.—The piano of plaintiff was not subject to the levy of Joseph Shippen's execution.   The act of March 31st, 1874, does not apply to a case of this kind. It does not go beyond, nor was it intended to go beyond the purchaser.   *Norris v. Brunswick*, 73 Mo. 256.

### II.

The Moberly common pleas had jurisdiction, as the property of plaintiff was taken in Sugar Creek township where plaintiff resided, and stored in that township.   And this, notwithstanding one of the defendants, Williams, did not live in the township.   Section 3 of the act establishing that court settles this.   Laws 1875, p. 401.   Under the provisions of that section, where, as here, one of the defendants resides within the township, and the other outside of the township, but within the limits of Randolph county, suit may be brought either in the common pleas or in the circuit court.   Williams was, therefore, amenable and subject to the jurisdiction of the Moberly common pleas where the action was brought.   The judgment is reversed and the cause remanded.   All concur.