PARKER v. RODES et al., Appellants.

1. **Joinder of Actions.** A joint action will not lie, to recover the purchase price of goods, against the purchaser and one who has received them from the purchaser and converted them to his own use.

2. **Trover:** CONVERSION: WHEN MAINTAINABLE. Trover or conversion cannot be maintained where the plaintiff has neither the right of property in, nor the right of possession to, the chattels alleged to have been converted.

3. **Execution against Personal Property for Purchase Money.** Under the act of 1874, (Laws 1874, p. 118,) the right of the vendor of personal property to levy on it for the purchase price, confers no lien on it so as to bind it in the hands of a transferee, but simply prevents the purchaser from claiming it as exempt.

4. **Amending Petition:** CHANGING FORM OF ACTION. P averred in his petition that H had purchased goods of him, on the false representation that he was solvent; that subsequently H sold the goods to R, who received and paid for them knowing that H had not paid P and that H was insolvent; that P had demanded the goods of R who refused to deliver them to him, but instead wrongfully converted them to his own use. On the trial, P filed an amended petition alleging that R knowing that H was insolvent and indebted to P for the goods, fraudulently colluded with H to cheat and defraud P; that in pursuance thereof R pretended to purchase the goods from H, by reason whereof P has been damaged, etc. *Held*, that the amendment should not have been permitted, because it changed the cause of action from trover and conversion to an action of fraud and deceit.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

REVERSED.

*Martin & Priest* for appellants.

*Hollis & Wiley* for respondent.

NORTON, J.—This suit was instituted in the Moberly court of common pleas against defendants Rodes and Priest and one Holt to recover the value of certain goods sold by plaintiffs to defendant Holt.

It is averred in the petition: That on the 24th day of February, 1879, the defendant, S. W. Holt, purchased of plaintiffs goods and merchandise to the amount of $131.52; that defendant Holt, at the time of said purchase, falsely represented himself to be perfectly solvent, and upon said representation plaintiffs were induced to. sell said goods, when in truth and in fact, said Holt was hopelessly insolvent; that on or about the — day of March, 1879, said defendant Holt sold his stock of drugs in Moberly to the defendants Chas. B. Rodes and Theodore Priest; that afterward, to-wit: On the — day of March, 1879, said goods so sold and shipped by plaintiff to said Holt, arrived at Moberly and were received by said defendants, Rodes & Priest, said Rodes & Priest well knowing that said goods were not paid for, and well knowing that defendant Holt was utterly insolvent; that plaintiffs, on the — day of March, 1879, immediately after said goods were received by defendants Rodes & Priest, and before said Rodes & Priest had paid said Holt for said goods, made demand for said goods of said Rodes & Priest; but said defendants refused to deliver said goods to plaintiffs or to pay plaintiffs for the same, but wrongfully converted said goods to their own use, at. the same time well knowing that the purchase money had not been paid. Plaintiffs aver that said debt sued on is for the purchase money of said goods, so taken and converted by the defendants Rodes & Priest. It is also averred that by reason of such wrongful conversion they have been damaged in the sum of $131.52.

Holt did not answer; defendants Rodes & Priest filed separate answer denying all the allegations of the petition.

On the trial defendants Rodes & Priest objected to the introduction of any evidence under the petition, on the ground that there was ·a misjoinder of parties defendant, and because the petition did not state facts sufficient to constitute a cause of action against them. The objection was overruled, and evidence received tending to show that in February, 1879, plaintiffs sold and delivered to defendant

S. W. Holt, who then owned a drug store in Moberly, goods to the value of $131.52; that Holt, after receiving the said goods, sold his drug store in March, 1879, with the goods so purchased of plaintiffs to the firm of Rodes & Priest, the defendants, and that defendants Rodes & Priest paid Holt the purchase price. Evidence was also introduced tending to show that defendant Rodes, of the firm of Rodes & Priest, knew, before the firm paid said Holt for the goods in controversy, but after they had bought them from Holt, that Holt had not paid the plaintiffs for them. There was also evidence tending to show that defendants had no such knowledge. At the close of the evidence defendants asked the following instructions, which were refused:

1. That the plaintiffs are not entitled to recover against the defendants Rodes & Priest in this action.

2. That if Rodes & Priest bought the goods and merchandise sued for from Holt, in good faith and for valuable consideration, the plaintiffs are not entitled to recover, even though said Rodes & Priest, or either of them, knew at the time they so purchased the said goods of Holt, that he, Holt, had not paid plaintiffs the purchase money therefor.

The record shows that the court took the case under advisement till the 17th day of February, 1880, and on that day permitted plaintiffs, over the objection of defendants, to file an amended petition, and refused to continue the cause with leave to defendants to plead to the amended petition, and rendered judgment against defendants Rodes and Holt for the sum of $131.52.

The basis of the action set up in the amended petition was "that defendants Rodes & Priest, well knowing that said Holt was irresponsible for any debts contracted by him, and well knowing that Holt was indebted to these plaintiffs for the purchase price of said goods, fraudulently colluded together and with said Holt to cheat and defraud plaintiffs out of the value of said goods, and pursuant to their fraudulent collusion received and took possession of and pretended to purchase said goods of Holt; that said Rodes & Priest well

knew at the time of taking said goods that the purchase price therefor had not been paid, and that said Holt was insolvent, and that by reason of the fraudulent acts of defendants they have been damaged in the sum of $131.52."

From the above statement we think it manifest that the judgment rendered against the defendant Rodes cannot be permitted to stand. The cause was tried upon the original petition, and the objection made to the introduction of any evidence under it ought to have been sustained, because there was a misjoinder of parties. Holt was sought to be made liable on his contract of purchase of the goods, and defendants Rodes & Priest were sought to be made liable for converting them to their own use. There was no privity between Holt and defendants Rodes & Priest.

1. JOINDER OF ACTIONS.

Besides this, the facts stated in the petition show that plaintiffs had neither the right of property in nor the right of possession of the goods sold Holt, and trover and conversion, (which was the nature of plaintiffs' claim against defendants Rodes & Priest,) cannot be maintained when the party suing has neither the right of property in nor the right of possession to the property alleged to have been converted.

2. TROVER: CONVERSION: when maintainable.

Error was also committed in refusing both the instructions asked by defendants. This case was, doubtless, tried under the supposition that section 2353, Revised Statutes, authorized a recovery. That section is as follows: " That personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." Under this statute the vendor of personal property who had obtained a judgment against the vendee, might seize the property on execution in the hands of a purchaser thereof with notice that the

3. EXECUTION AGAINST PERSONAL PROPERTY FOR PURCHASE MONEY.

purchase price had not been paid, and it would probably authorize the vendor under circumstances justifying a suit by attachment against the vendee, to seize such property in the hands of a third person purchasing with notice that the property had not been paid for. But the above statute did not take effect till November, 1879, and did not apply to the case in hand for the reason that the transactions which gave origin to this suit took place in February and March, 1879. The above section was amendatory of an act approved March 31st, 1874, (Laws 1874, p. 118,) and under the act of 1874 it was held by this court in the cases of *Norris v. Brunswick,* 73 Mo. 256, and *Haworth v. Franklin,* 74 Mo. 106, that the right of the vendor of personal property to subject the same to execution on a judgment for the purchase price thereof, does not confer a lien so as to bind the property in the hands of any person to whom it may be transferred. Its only effect is to prevent the purchaser from claiming the property as exempt from execution.

Under the ruling of this court in the case of *Fields v. Maloney,* 78 Mo. 172, the court committed error in allowing 4. AMENDING PETI-  the amended petition, for the reason that TION: changing  as to defendants Rodes & Priest it changed form of action. the cause of action from trover and conversion, as set out in the original petition, to an action of fraud and deceit. Judgment reversed and cause remanded. All concur.