H. MEINCKE, Defendant in Error, v. W. BRACKSIECK, Plaintiff in Error.

### November 20, 1883.

1. ATTACHMENT — COUNTER-CLAIM. — A defendant who, being sued by attachment for the purchase-money of a pair of mules, sets up that at the date of the suit the sheriff took from him two mules and delivered them to the plaintiff, does not state facts constituting a counter-claim.

2. —— Under such a state of facts, the mules being in the sheriff's custody, the defendant can claim nothing for their use.

3. JUDGMENT — EXECUTION. — In giving judgment for the plaintiff in such a case an order for a special execution against the attached property is proper, without making a specific order for each article.

ERROR to the St. Louis County Circuit Court, EDWARDS, J. *Affirmed.*

M. F. TAYLOR, for the plaintiff in error.

Z. J. MITCHELL, for the defendant in error.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff sues by attachment on a promissory note for $300, given to him by the defendant in purchase of a pair of mules, a spring wagon, and some other articles of little value. The defendant answers, denying all the allegations in the petition except as to the giving of the note, and sets up, by way of counter-claim, that " on the 16th day of August, 1881, the sheriff of the city took from the possession of the defendant and delivered into the hands of the plaintiff, two brown mare mules and one two-horse covered wagon. That since the said dates, and up to the date of the filing hereof, the plaintiff has continuously had in his possession, and using and enjoying the benefit of said animals and wagon, and is liable in law to defendant for the use thereof." The matter thus set up does not constitute a counter-claim, within the terms of the statute. Rev. Stats., sect. 3522. It is not stated

as "arising out of the contract or transaction set-
forth in the petition as the foundation of the plain-
tiff's claim, or connected with the subject of the action."
It is not stated that the mules and wagon are the same which
were sold by the plaintiff to the defendant, and attached in
this proceeding. If they were the same, however, the
defendant would have no cause of action against the plain-
tiff, since the property was in the lawful custody of the
sheriff, and the defendant, having no right of user for the
time being, could claim nothing for its use by another.
The plaintiff may have been an agent of the sheriff for the
care of the property. But, whether he was so or not, his
responsibility was to the officer only. It is not alleged that
there was any damage or injury done to the property.
If the claim be treated as an independent cause of action
arising on contract, then it is no counter-claim under the
statute, because it was not " existing at the commencement
of the action." The petition was filed on August 15, 1881.
The court below rightly disregarded the supposed counter-
claim, and gave judgment for the plaintiff for the amount
due on the note, with an order for special execution against
the property attached.

Counsel for the defendant seems disposed to regard this
special order as an enforcement of the vendor's lien, and
argues hence that the court erred in making a general order
covering the property in a lump instead of a specific order
as to each separate article, with the purchase price thereof.
If this were a case of vendor's lien, the law would not be
as plaintiff claims. The property was purchased in a lump,
at a lumping price for all, and no value was separately set
on any article. But there is no vendor's lien in the case.
Revised Statutes, section 2353, to which reference is made,
simply intends that personal property, which would other-
wise be exempt from sale under execution, shall not be so
exempt, if the judgment be "against the purchaser for the
purchase price thereof." The practical effect may or may

not be similar to that of a vendor's lien, according to circumstances. The special order, in this case, was made under the statute regulating proceedings in attachment. Rev. Stats., sects. 433, 435.

We find no error in the record and the judgment is affirmed. All the judges concur.