The Bolckow Milling Company, Respondent, v. Turner, Frazer & Company et al., Appellants.

Kansas City Court of Appeals, June 30, 1886.

1. Personal Property—Purchase Price of—Construction of Section 2353, Revised Statutes.—Section 2353, Revised Statutes, provides: "Personal property, shall, in all cases, be subject to execution on a *judgment* against the purchaser for the *purchase price* thereof; and shall in no case be exempt from such judgment and execution, *except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money*." The object of the statute is to enable the *vendor* of personal property to *subject* it by execution on a judgment *against the purchaser* for the purchase price thereof, to the *payment* of said purchase price, *except* only where the said property is in the hands of an innocent purchaser, for value, without notice of the existence of the (unpaid) claim for the purchase price.

2. —— Property in Legal Custody—Rule and Exceptions—Case Adjudged.—The general rule is, that property in legal custody is not subject to be seized by other judicial process, and when it is *held* under judicial process it cannot be *seized* under other judicial process. But this *general* rule, where it is necessary, must yield, in order for the right given by this statute to be enforced, and personal property held under an attachment can be seized under an execution on a judgment against the purchaser for the purchase price of the property, unless the attaching creditor can be held to be an innocent purchaser, for value, etc. The statute makes only *one* exception. Creditors are not named in the exception; and *creditors* are not *innocent purchasers*.

3. —— —— DISTRIBUTION OF PROCEEDS.—Where, in such cases, as
   in this case, the judgment had been entered for the vendor for the
   purchase price of the property, *before* the order made by the
   court for the *distribution* of proceeds was granted, the issuance of
   an execution was unnecessary; because the property had been
   sold under an order of the court and the proceeds were in the
   hands of the sheriff. The order of the court for the distribution of
   the proceeds took the place of an execution.

APPEAL from Nodaway Circuit Court, HON. HENRY
S. KELLEY, Judge.

*Affirmed.*

Statement of case by the court.

This was a controversy between the respondent and
the appellants, who were all attaching creditors of Wm.
Young. The controversy was submitted to the court on
the following agreed statement of facts :

"Come now the parties hereunto and state to the
court, that on the twenty-sixth day of June, 1883, before
one A. G. Lucas, a justice of the peace in and for Hop-
kins township, Nodaway county, Missouri, Turner,
Frazer & Company began an attachment suit against one
William Young, and in said attachment suit levied
upon, on that date, one hundred and fifty half sacks of
flour, as will appear upon and by the return of the
officer who levied said writ of attachment.

"That, on the sixth day of July, 1883, before the
same justice of the peace, at one o'clock and thirty
minutes, p. m. of said day, one Samuel Bliss began his
suit in attachment against the said William Young, and
in said attachment suit levied upon, at that time, three
hundred and thirty half sacks of flour, among the prop-
erty itemized, as will appear by the officer's return upon
said writ of attachment.

"That, on the —— day of ——, 1883, before
same justice, Henry J. Lowe began his suit in attach-
ment against said William Young, and in said attach-
ment levied upon three hundred and thirty half sacks

of flour, among other property, as will appear by return upon said writ of attachment. That, on the twenty-eighth of June, A. D., 1883, before N. H. Herbert, justice of the peace in said township, county, and state, James Allison began his suit in attachment against said William Young, and in said attachment suit levied upon one hundred and thirty half sacks of flour, as will appear by the return of the officer who levied said writ of attachment in said suit. That all the foregoing suits in attachment have heretofore been certified by said justice of the peace, before whom same were brought to this court upon the application of the Bolckow Milling Company, under section 447, page 71, volume 1, Revised Statutes, 1879.

"That, on the twenty-fifth day of June, A. D., 1883, Wm. Jackson began his suit in attachment in this court against said William Young, and in his suit levied upon one hundred and twenty two sacks of 'Gem' flour, fifty-nine sacks of 'Heart's Content,' fifteen sacks of 'Exactly So.' That this flour was 'levied upon on the twenty-fifth day of June, 1883, among other property. That on the seventh day of July, A. D. 1883, the Bolckow Milling Company began its suit in this court by attachment against said William Young, and levied its writ upon all the flour mentioned hereinbefore, which had been attached by the officers in the suits aforesaid.' It is further stated that the suit of said Bolckow Milling Company was for the unpaid purchase money due to said Bolckow Milling Company from William Young, defendant in all of said attachments, for the purchase of the flour aforesaid..

"All the attaching creditors admit that the Bolckow Milling Company attached said flour for a debt owed to said milling company for the unpaid purchase money for said flour. That none of the claims of the other at-taching creditors are for unpaid purchase money. (William Jackson, said Jackson, had no knowledge of contents of contract exhibited herewith, and James

Allison had notice of the fact that the flour was not paid for at the time of bringing suit).

" It is further stated that the contract between the Bolckow Milling Company and William Young is same as hereto attached.

" The Bolckow Milling Company claim that all said flour is subject first to its writ, owing to same being liable to pay them for their purchase money. The rest of attaching creditors claim that the flour is subject to attachments according to the date of the respective levies, and the court, upon this statement, which is agreed to by the parties, and inspection of the attachment papers is asked to settle right of parties."

(Signed by all the attaching creditors mentioned in said agreed statement.)

After the filing of the agreed statement of facts, judgment was rendered in favor of the plaintiffs and against Young in each of the attachment suits. After the rendition of such judgments, the Bolckow Milling Company filed a motion, asking the court to make an order on the sheriff to pay to it the proceeds of the sale of the flour hereinbefore mentioned, in satisfaction of its claim in perference to all other attaching creditors, under the pleadings and agreed statement of facts. The court granted the motion and judgment was accordingly entered. From said judgment the other attaching credi- tors have appealed to this court.

C. A. ANTHONY, R. H. WITHEY, and BEECH & EL- LISON, for the appellant.

I. By the service of theis writs of attachment against Young, appellants acquired a lien on the prop- erty which no subsequent attachment could defeat. The property was then in the custody of the law, and beyond the reach of seizure by another execution or attachment. Drake on Attachments (5 Ed.) sect. 224 ; *Patterson v. Stephenson,* 77 Mo. 327 ; *Metzner v. Graham,* 57 Mo. 404.

II. Section 2353, Revised Statutes, has the effect

*only* of preventing the judgment debtor from claiming the property, *exempt from such judgment or execution*, and does not in any manner affect the right or priorities of attaching creditors. The statute simply deprives the execution debtor from *claiming* the property *when seized on execution*, and nothing more. There is no lien existing in favor of the vendor. *Menicke v. Bracksek*, 14 Mo. App. 316.

III. Under section 2507, and the latter part of section 2505, Revised Statutes, if the milling company had sold this flour to be paid for in *instalments*, the creditors could hold the flour, because the sections cited had not been complied with, and that it was *all sold on time* could make no difference, unless the parties had effected a lien, or reserved the title to themselves in the manner pointed out. The right to attach and take the property by any other creditor is complete.

IV. There is no vendor's lien in the case of sale of personal property where possession is given. An attachment has priority over the right of action for the purchase money, *if first levied*. Story on Cont. (4 Ed.) sect. 795.

W. W. RAMSAY, for the respondent.

I. Under section 2353, Revised Statutes, the flour in question was subject to the payment of respondent's debt in preference to all prior attaching creditors, *none* of said creditors suing for *unpaid purchase money*.

II. The statute now in force (sect. 2353, Rev. Stat.) differs very materially from the act of 1874 (Laws of Mo. 1874, p. 118, sect. 1), and has a much broader scope. *Norris to use, etc., v. Brunswick*, 73 Mo. 256. The *former* was restricted practically to the immediate parties to the transaction; the *latter* subjects the property for the purchase price against *everybody, except* an *innocent purchaser*, for value, without notice, *not* creditors, nor "prior attaching creditors." *Parker v. Rodes*, 79 Mo. 88.

III. Sections 2505 and 2507, Revised Statutes, do not conflict with the provisions of section 2353. The respon-dent is not seeking to assert a conditional sale of the flour in question to Young; nor to claim a forfeiture on such an account. Even if the former sections are in conflict with section 2353, the *latter* must prevail, being the last expression of the legislative will, the former being en-acted in 1877, and the latter in 1879. But there is no such conflict. Sedgwick's Const. Stat. (2 Ed.) 104; *De Pana v. New Albany*, 22 Ind. 204; *State v. Draper*, 47 Mo. 29.

HALL, J.—The claim made by the Bolckow Milling Company rests upon section 2353, Revised Statutes, which provides as follows:

"Personal property shall, in all cases, be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be ex-empt from such judgment and execution, *except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the pur-chase money.*"

It cannot be said that the statute confers upon the vendor of personal property a lien for the purchase price thereof. *France v. Thomas*, 86 Mo. 80; *Menicke v. Bracksek*, 14 Mo. App. 315. The right conferred by the statute may, however, in some cases, partake of the character of a vendor's lien. *Menicke v. Bracksek; supra.*

In speaking of this statute, the supreme court of this state has said: "Under this statute the vendor of personal property who had obtained a judgment against the vendee, might seize the property on execution in the hands of a purchaser thereof, with notice that the pur-chase price had not been paid, and *it would probably authorize the vendor, under circumstances justifying a suit by attachment against the vendee, to seize such property in the hands of a third person* purchasing

with notice that the property had not been paid for."
*Parker v. Rodes*, 79 Mo. 88.

From these remarks it is clear that the supreme court entertains the opinion that this statute should be so construed as to carry out the object for which it was enacted.

That object was to enable the vendor of personal property to subject it by execution on a judgment against the purchaser for the purchase price thereof to the payment of said purchase price, except only where the said property is in the hands of an innocent purchaser, for value, without notice of the existence of the claim for the purchase price.

"The general rule is, that property in legal custody is not subject to be seized by other judicial process; that when it is held under judicial process, it cannot be seized under other judicial process." *Bank v. Owen*, 79 Mo. 431. But this general rule, where it is necessary, must yield, in order for the right given by this statute to be enforced. And so we hold that personal property held under an attachment can be seized under an execution on a judgment against the purchaser for the purchase price of the property, unless, indeed, the attaching creditor can be held to be an innocent purchaser for value, etc.

The statute makes only one exception, that of an innocent purchaser, for value, without notice of the existence of the claim for the purchase money. Creditors are not named in the exception. We cannot enlarge the exception. Creditors are not innocent purchasers.

Before the court granted the motion of the Bolckow Milling Company, and made the order for the distribution of the proceeds of the sale of the flour in the hands of the sheriff, judgment had been duly entered in favor of said company against Young, the purchaser, for the purchase price of the flour. The said company was then entitled to an execution on such judgment. The issuance of an execution was unnecessary, because the flour had

been sold under an order of the court and the proceeds were in the hands of the sheriff, and the law does not require a vain act. The order of the court for the distribution of such proceeds took the place of an execution. It is thus unnecessary for us to discuss the question, whether, under this statute, personal property can be subjected to the payment of its purchase price by attachment. Attaching the property does not deprive the vendor of the right to subject it to the payment of its purchase price by execution on a judgment against the purchaser for the purchase price.

With the concurrence of the other judges in the result, the judgment is affirmed.