## BOLTZ *et al.* v. EAGON.

*(Circuit Court, E. D. Missouri, E. D.* April 25, 1888.,

ATTACHMENT—PROPERTY SUBJECT TO—PURCHASE PRICE.

Rev. St. Mo. § 2353, providing that personal property shall in all cases be subject to execution on a judgment obtained for the purchase price, unless found in the hands of a purchaser for value without notice, does not authorize the seizure of personalty which has passed to an assignee for benefit of creditors, under an assignment valid as far as he is concerned, on an attachment against the assignor.

At Law. Intervening petition of Gus. Lehman, assignee of H. C. Eagon against John W. Emerson, United States marshal.

Plaintiffs, John H. Boltz *et al.*, brought suit by attachment against defendant H. C. Eagon, and caused it to be levied on property which had been conveyed by the defendant by a deed of general assignment to Gus. Lehman, as assignee for the benefit of creditors. The assignment having been sustained by the verdict of a jury, plaintiffs claimed that they were at least entitled to hold under the attachment certain portions

of the attached property originally sold by them to the defendant, which had not been paid for at the date of the assignment and at the date of the attachment. Such claim was based on section 2353, Rev. St. Mo., which is stated in substance in the opinion of the court.

*Dyer, Lee & Ellis*, for plaintiffs.

*H. W. Bond* and *James I. Lindley*, for intervenor.

THAYER, J., (*orally.*) In the matter of the intervening claim of Gus. Lehman, assignee, in the case of *Boltz and others* against *Eagon*, (the jury having found that the assignment was not fraudulent, so far, at least, as the assignee is concerned,) the question arises whether the attaching creditors can hold as against the assignee that part of the assigned property that was purchased from themselves, on the ground that the attachment suit was brought to recover the purchase price of such property. The claim is based solely on section 2353, Rev. St. Mo., which provides, in substance, that personal property shall in all cases be subject to execution on a judgment obtained for the purchase price, and shall not be exempt from such execution unless the property is found in the hands of a purchaser for value, who had no notice at the date of his purchase of an outstanding claim for the purchase money.

The question to be determined is whether property can be taken from an assignee, by virtue of this section, under a writ of attachment or execution issued against the assignor for the purchase price of the property, that has passed to the assignee by virtue of a general assignment. There are only three reported cases in this state which appear to me to have any bearing on the question, and neither of them can be said to be an authoritative determination of the point at issue. I refer, of course, to the cases of *Parker* v. *Rodes,* 79 Mo. 88; *Mill Co.* v. *Turner,* 23 Mo. App. 103; and *State* v. *Orahood,* 27 Mo. App. 496. My own convictions, after considering the matter, are very strong that section 2353 was not intended to interfere with the general policy of the act concerning voluntary assignments, and that it should not be so construed as to interfere with the policy of that act. The state courts will, in all probability, so hold, when the precise question confronts them that is raised in this case. An assignment is a trust created for the common benefit of creditors. The law favors the creation of such trusts, and carefully regulates their administration. It also prohibits preferences, and provides for a *pro rata* distribution among creditors of all funds realized from the sale of the assigned effects. Whatever property passes to an assignee under an assignment (that is not incumbered with a lien) by virtue of the assignment act is held by the assignee for the common benefit of creditors. Section 2353 certainly does not create a lien in favor of the vendor of personal property for the purchase price of goods sold and delivered. It simply provides that they cannot be claimed as exempt by the vendee or by any transferee who buys with notice that the purchase price is unpaid. All the cases cited are in accord on this proposition. If it should be held that personal property in the hands of an assignee may be seized for the purchase price in a suit brought against the assignor, a

species of preference would be created, which, as it appears to me, would be at variance with the policy of the assignment act. In some cases such rule, if adopted, would practically defeat the assignment; creditors instead of participating ratably in the distribution of the assigned effects, would take that portion of the trust-estate *in specie,* which they could identify as having been originally purchased from themselves, and had not been paid for. In this manner a new method of distribution would be inaugurated, which is at variance with the provisions of the assignment law; and in many cases such practice would lead to great confusion in the administration of assigned estates. I am of the opinion that section 2353 was not intended to have such effect. It should be construed, according to my view, in conformity with, and in subordination to, the policy of the assignment law, so as not to defeat its provisions; that is to say, it should be held that, when personal property has passed to an assignee under an assignment that is valid so far as the assignee is concerned, such property cannot be seized under an execution or attachment against the assignor merely by virtue of the provisions of sections 2353. I shall so hold, and accordingly overrule the claim of the attaching creditors to a portion of the property based upon that section. Judgment will therefore be entered on the verdict of the jury to the effect that the assignee is entitled to all and singular the property levied upon by the United States marshal that was covered by the assignment, and was found in his hands; and an order will be made on the marshal directing him to turn the property over to the assignee. An order will also be made requiring the receiver appointed in the case to file a final report of the collections he has made on choses in action in his hands, and, after he has filed such report, he will be ordered to turn over what property is in his hands to the assignee.