CHARLES T. WOOLFOLK, Appellant, v. M. P. KEMPER, Respondent.

Kansas City Court of Appeals, June 13, 1888.

1. PERSONAL PROPERTY—WHEN SUBJECT TO EXECUTION FOR PURCHASE PRICE—CONSTRUCTION OF SECTION 2353, REVISED STATUTES.—Under the provisions of section 2353, Revised Statutes, making personal property subject to execution on a judgment against the purchaser for the purchase price thereof, and excepting it from exemption from such judgment and execution, except in the hands of an innocent purchaser, etc., there is no direct lien created by the statute, though it may be considered, in some cases, as in the nature of a lien. The only mode provided by the statute for subjecting the property for the purchase price is to obtain a judgment therefor—though there might be relief in equity in a proper case.

2. ——— RELIEF IN EQUITY—PRINCIPLES GOVERNING IN, IN ORDER TO ENTITLE TO.—Before a court of equity will lend its aid, the party seeking it must have gone as far as he may with his legal remedy. After exhausting his legal remedies he could then ask the aid of a court of equity.

APPEAL from Johnson Circuit Court, HON. CHARLES W. SLOAN, Judge.

*Affirmed.*

The case is stated in the opinion.

SAMUEL P. SPARKS, for the appellant.

I. The plaintiff was given a legal remedy by statute to subject the property to sale for the purchase money. Rev. Stat., sec. 2345.

II. The death of Kemper and insolvency of his estate prevented a resort to a court of law. In such case equity will interfere when the remedy is inadequate at law. *Cass Co. v. Green*, 66 Mo. 478.

III. In cases where it is doubtful whether courts of law can give relief, equity will retain jurisdiction. *West v. Wayne*, 3 Mo. 16; *Biddle v. Ramsey*, 52 Mo. 153.

IV. Insolvency is one of the peculiar heads of equity jurisdiction. *Freeman v. Freeman*, 9 Mo. 763.

V. Where a creditor obtains judgment against a party, and there is a return of *nulla bona*, such creditor may maintain an action in equity, to have a conveyance of personal property to his wife, set aside, to the end that the same may be sold on execution against the husband, and his bill made a case for equitable jurisdiction, not dependent on any statute. *Chardavoyne v. Galbreath*, South. Rep. 771. Equity will entertain jurisdiction on the want of a common-law remedy; for there may be such a remedy; it may be inadequate, for on the exercise of this jurisdiction often depends the exercise of a sound discretion in the court. *Brush Electric Co.*, 7 Atl. Rep. 774.

VI. It follows that, while there is no such thing as a lien at law in favor of a vendor of personal property, yet there exists an equity in his favor in such circumstances as was developed in this case, and the judgment should be reversed.

VII. This case is somewhat analogous to the case where a judgment is a lien against the interest of the husband in the lands of the wife, and the lands be sold in partition, the judgment will become an equitable lien on the husband's interest in the proceeds of the sale. *Ellsworth v. Cook*, 3 Paige Ch. 643; *Nuincewiez v. Cahn*, 3 Paige Ch. 614; *Flint v. Rawlings*, 20 La. Ann. 557. The above is a given instance showing that, while legally a creditor's right to his debt and the security therein may be changed by circumstances he cannot control, yet courts of equity will not leave him remediless. Overton on Liens, 31.

No brief for the respondent.

ELLISON, J.—Plaintiff sold a brood mare to James W. Kemper for seventy-three dollars executing his note for sixty-five dollars of the purchase money. Some small payments were made and Kemper died leaving an estate of less than four hundred dollars, in value, when defendant, who is his widow, applied for an order from the probate court under section two, Revised Statutes, directing that no letters of administration be granted, as the estate did not exceed in value the sum allowed her, as the widow, by law. Such order was made and the property directed to be turned over to her, including the mare so sold to her deceased husband. Defendant claims the mare and refuses to pay the balance of the purchase price.

Plaintiff filed his bill in equity in the circuit court, setting up the foregoing facts and asking that he be declared to have a lien on the mare, and that it be enforced, and for other proper relief. A demurrer to the bill was interposed and sustained, and we think properly.

The section of the statute giving a vendor a right to hold personal property for the purchase price is as follows: "Sec. 2353: Personal property shall, in all cases, be subject to execution on a judgment against the purchaser for the purchase price thereof. And shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." There is no direct lien created by this statute, though it may be considered in some cases, as in the nature of a lien. The only mode for subjecting the property for the purchase price is to obtain a judgment therefor. By this we do not mean to say that there is no relief in equity for a party in the condition plaintiff is, but we say that he has not yet placed himself in position to call into requisition the assistance of a chancery court. Under the very terms of the statute he should have a judgment in order to

subject property to the purchase price ; but aside from this, it is a principle of equity that before it will lend its aid, the party seeking it, must have gone as far as may be with his legal remedy. *Merry v. Fremon,* 44 Mo. 518; *Alnut v. Leeper,* 48 Mo. 319.

Although the widow has proceeded under section two, Revised Statutes, an order of the probate court, setting the property left by the deceased purchaser over to her and doing away with administration, yet this proceeding is not binding on this plaintiff and does not prevent him from going before the probate court and on a proper showing, as a creditor, have letters granted on the estate. This he should do, and then proceed to have his claim allowed. We are of the opinion that after having pursued this course, as his legal remedies will have been exhausted, so far as obtaining the benefit of said section is concerned, he could then ask the aid of a court of equity, by setting up the facts of his case as they would then be, to subject such property to the payment of the purchase price. This view of the case renders it unnecessary to discuss the authorities cited by appellant in his brief.

The judgment, with the concurrence of the other judges, is affirmed.