Spitz, Landauer & Co., Appellants, v. James H. Kerfoot *et al.*, Respondents.

Kansas City Court of Appeals, November 10, 1890.

1. **Debtor and Creditor:** seller's lien for purchase price : statute construed. Section 4914, Revised Statutes, 1889, does not create a lien in favor of the seller of the goods, though it may be considered in some cases in the nature of a lien,—an inchoate, embryonic lien, which does not attain the dignity of a full-fledged lien until an execution is issued on a judgment for the purchase price.

2. ——— : ——— : ——— : EQUITY JURISDICTION.   The well-established principle of equity is that, before it will lend its aid, the party invoking it must have gone as far as he may with his legal remedy, and, as the statute creates no right or interest in the goods, in favor of the seller, which a court of equity, before judgment, can lay hold of, and by means of which equitable relief can be made effectual, a plaintiff who has not obtained judgment for the purchase price of the goods sold cannot invoke the aid of equity to restrain the purchaser's trustee from disposing of the goods until plaintiff could obtain judgment and execution in a court of law.

3. ——— : INJUNCTION : PLEADING : FRAUD : ATTACHMENT.   Where the creditor's petition charges that the deed of trust, the execution of which he seeks to enjoin, was made in fraud of the grantor's creditors, it thereby suggests an insurmountable barrier to the relief sought, to-wit, a complete and adequate remedy at law by attachment.

*Appeal from the Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*E. M. Harber* and *F. V. Kander*, for appellants.

(1)   The plaintiffs were entitled to their lien for the purchase price of the property described in their petition, as against all persons and creditors excepting "in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase price."   R. S. 1879, sec. 2353 ; *Boyd v. Furniture & Stove Co.*, 38 Mo. App. 210.   (2)   And such right to their lien for the purchase price takes priority over all purchasers and incumbrancers with notice of the fact that the purchase price of the property remains unpaid.   Absolute notice is not necessary if the incumbrancer had such knowledge as would, by reasonable inquiry, direct him to the truth ; when he will be deemed to have notice, and the insolvency of a grantor in a deed of trust is sufficient to put the trustee and beneficiaries on inquiry.   *Boyd v. Furniture & Stove Co.*, 38 Mo. App. 210 ; *Leedom v. Furniture Co.*, 38 Mo. App, 425–439 ; *State to use v. Mason*, 96 Mo. 132 ; *Parker v.*

*Rodes*, 79 Mo. 91; *Mill Co. v. Turner*, 23 Mo. App. 103. ( 3 ) The statute makes only one exception, that of an innocent purchaser, for value, without notice of the existence of the claim for the purchase money. Creditors are not named in the exception. Creditors are not innocent purchasers. *Mill Co. v. Turner*, 23 Mo. App. 103-109. ( 4 ) The trustee takes only what the grantor had, and his title is incumbered with the same equities with which the title of the grantor was incumbered. He stands in the shoes of the grantor in the deed of trust, so far as the right and title of the property conveyed to him is concerned. *Van Husen v. Radcliffe*, 17 N. Y. 580; Burrill on Assignments [ 5 Ed.] sec. 391, p. 617; *Goodman v. Simmonds*, 19 Mo. 106; *Warner v. Jamison*, 52 Iowa, 70; *State to the use v. Leabeaurne*, 19 Mo. 17. ( 5 ) The debt of the plaintiffs was not yet due, hence no action at law would lie. There were no grounds for attachment and none for replevin; the debtor was totally insolvent and no adequate recovery at law could be had, hence resort was had to the equity side of the court, and the injunction prayed for, to hold the property until plaintiffs' claim became due and they could have their lien as provided by statute. The principle of this proposition is well illustrated in 1 High on Injunctions [ 2 I'd.] sec. 463, p. 298; sec. 119, p. 91, and authorities cited. "And the law does not require the doing of a nugatory act." *Brown v. Hoffmeister*, 71 Mo. 411-414. ( 6 ) "A court of equity will grant relief notwithstanding the existence of a remedy at law, unless the defendant pleads the remedy at law in defense of the equitable suit." *Blair v. Railroad*, 89 Mo. 383-393, and authorities cited. "A court of equity will not turn a party out of court to pursue his remedy at law where complete justice can be done by a court of equity; and this, although in its progress, the court may decree on matters cognizable at law." *Paris v. Haley*, 61 Mo. 453-462.

Geo. Hall and J. H. Shanklin, for respondents.

(1) Section 4914, Revised Statutes of 1889, did not give plaintiffs a lien on the goods for the purchase money. Said section is only an exception to the statutes on exemptions. R. S. 1889, sec. 4914; *Woolfolk v. Kemper*, 31 Mo. App. 421; *Parker v. Rodes*, 79 Mo. 88; *Norris to the use v. Brunswick*, 73 Mo. 256; *Mill Co. v. Turner, Frazer & Co.*, 23 Mo. App. 103; *Francis v. Thomas*, 86 Mo. 80, 84. (2) Appellants had a complete and an adequate remedy at law by attachment. R. S. 1889, sec. 521, pars. 7, 8, 9, 10 and 14; R. S. 1889, sec. 522; *State to the use v. Mason*, 96 Mo. 127; *Parker v. Rodes*, 79 Mo. 88. (3) Injunction will not lie where a party has a complete and an adequate remedy at law. *Burgess v. Kattleman*, 41 Mo. 480; *Hopkins v. Lowell*, 47 Mo. 102; *Steines v. Franklin County*, 48 Mo. 167; *Demschroder v. Thias*, 51 Mo. 100. (4) Appellants must first exhaust their legal remedy before resorting to a court of equity. *Woolfolk v. Kemper*, 31 Mo. App. 421; *Merry v. Freeman*, 44 Mo. 518; *Alnutt v. Leeper*, 48 Mo. 319. (5) Plaintiffs alleged in their petition that "they had no other or legal remedy in the premises; defendant traversed this allegation by the general denial in his answer thus putting the question as to "an adequate remedy at law" directly in issue to be tried by the court which was a sufficient pleading of a remedy at law. *Blair v. Railroad*, 89 Mo. 383.

SMITH, P. J.—This was a proceeding in equity, instituted to protect and hold property in the hands of the defendant Kerfoot as trustee until the plaintiffs could bring their action and recover at law to enforce a supposed vendor's lien for the purchase price of personal property sold by them to the defendant Cohen, the grantor in the deed of trust. The petition in substance states, that on the —— day of August, 1889, the

plaintiffs sold and delivered to Alfred Cohen, the grantor in the deed of trust, boys' and youths' clothing, to the amount of $557.25; that afterwards the said Cohen made, executed and delivered to James H. Kerfoot as trustee a deed of trust wherein and whereby he conveyed, or attempted to convey, to said Kerfoot all of the goods mentioned in the plaintiffs' petition, as well as a large quantity of other goods, then in the store of Cohen, the grantor in the deed of trust, at Trenton, Missouri, the said goods, so conveyed, to be sold by said trustee for the benefit of the beneficiaries named in the deed of trust; that the deed of trust was made in fraud of all the creditors of said Cohen, and that the five days, named as an extension of time in the said deed of trust, in which said Cohen might pay off the sums named as owing the several beneficiaries mentioned in the deed of trust, was merely a sham, and that no time was actually given, and none was intended to be given, by said trustee or the beneficiaries named in said deed of trust, but that it was understood and agreed by and between all the parties thereto, at the time the deed of trust was executed, that the trustee should proceed to sell the goods conveyed at once and the said trustee did so proceed; that the plaintiffs were not named as the beneficiaries in said deed of trust; that there was no consideration other than the antecedent indebtedness then owing,—a large part of which was then past due,—to the beneficiaries; that the account owing to the plaintiffs was not yet due, and, therefore, they could not bring their action to recover judgment at that time, to enforce their lien for the purchase price of the goods sold to Cohen; that Cohen was at the time of the making of the deed of trust, and long prior thereto had been, hopelessly and totally insolvent, and that he had not paid for said goods or any part of them, all of which facts he, as well as the beneficiaries named in the deed of trust, well knew; but that

notwithstanding this knowledge, the said beneficiaries procured him, the said Cohen, to make and execute the deed of trust and turn over and deliver to the said trustee for their benefit all of the assets and property of which he, the said Cohen, was in anywise possessed. And the petition further stated: That if the court should not restrain the trustee from selling and dis-posing of the property mentioned in the plaintiffs' petition, until they could obtain their judgment and execution, and on which property the plaintiffs had a right to a vendor's lien, they, the plaintiffs, would lose all their debt. The petition set out each item of the goods and its price, and fully identified each of said articles sought to be affected by the lien of the plaintiffs. The answer was a general denial. At the final hearing, the trial court found the issues for the defendants and accordingly rendered judgment, from which plaintiffs have appealed.

I. Upon grounds which we shall presently state, we do not think the petition states facts which entitle the plaintiffs to the relief demanded or to any other relief, and, therefore, we shall confine our examination of the case to that pleading alone.

Section 4914, Revised Statutes, 1889, does not create a lien in favor of the seller of the goods, though it may be considered in some cases in the nature of a lien—an inchoate, embryonic lien, which does not attain the dignity of a full-fledged lien until an execution is issued on a judgment for the purchase price. *Woolfolk v. Kemper*, 31 Mo. App. 421 ; *Bolckow Milling Co. v. Turner*, 23 Mo. App. 103 ; *Lawrence v. Owens*, 39 Mo. App. 319 ; *Parker v. Rodes*, 79 Mo. 88 ; *Norris v. Brunswick*, 73 Mo. 256 ; *Francis v. Thomas*, 86 Mo. 84. The well-established principle of equity is that, before it will lend its aid, the party invoking it must have gone as far as he may with his legal remedy. *Merry v. Freeman*, 44 Mo. 518 ; *Alnutt v. Leeper*, 48 Mo. 319 ;

*Crim v. Walker*, 79 Mo. 335; *Martin v. Michael*, 23 Mo. 50.

In *Martin v. Michael, supra,* it was stated that the creditor must have completed his title at law by judgment and execution before he can question the disposition of the debtor's property. The reason of the rule seems to be that until the creditor has established his title he has no right to interfere and it would lead to an unnecessary, and perhaps a fruitless and oppressive, interruption to the exercise of the debtor's rights. Unless he has a *certain* claim upon the property of the debtor he has no concern with his frauds. And in *Woolfolk v. Kemper, supra,* this principle of equity was applied to a case of this kind. It was there said that "the only method of subjecting property for the purchase price is to obtain a judgment therefor." Until this is done the seller has not placed himself in a position to call into requisition the assistance of a court of chancery. Applying this principle to the facts alleged in the petition and it is, therefore, plain that the plaintiffs have not placed themselves in a position to invoke the aid of injunctive process. They had not a judgment for the purchase price of the goods sold to the defendant Cohen. The statute creates no right or interest in the goods, in favor of the seller, which a court of equity, before judgment for the purchase price, can lay hold of, and by means of which equitable relief can be made effectual.

We do not doubt that, if the plaintiffs were in a position to call into requisition the flexible powers of a court of equity, it would enforce the lien of the seller for the purchase price of the goods, even in the hands of a trustee or assignee, and, perhaps, would follow the fund arising from a sale of such goods in cases where there was proper notice that the goods were not paid for when the trust was created.

The case of *Boyd v. The Ward Furniture, Stove and Carpet Co.,* 38 Mo. App. 211, decided by the St.

Louis Court of Appeals, has been cited by the plaintiffs as lending authoritative support to their contention that they were entitled to a lien before they put their claim against defendants in judgment.    We do not so understand the decision.    The case there was this:    The bank sued the defendant corporation by attachment, and caused the writ issued thereon to be levied on a lot of carpets.    Four days later the plaintiff had judgment against the defendant corporation for the amount of their debt, and caused execution to be issued thereon, and requested the sheriff to levy the same upon the lot of carpets the bank had previously caused to be attached, free from the lien of prior writs, averring that their judgment was obtained for the purchase money of the goods thus ordered to be seized, and, hence, the execution was entitled to priority under the statute.    The question was one of priorities, and it was held that the execution lien should have precedence over that of the attachment.    As we understand the reasoning of the decision, it is based upon the theory that the inchoate lien of the seller of the goods has its inception in the sale in the contractual relation, and, when it is consummate in judgment and execution, that it takes effect and becomes operative by relation from the time of the sale as to the vendee and purchasers having notice of the existence of such prior claim.    It would seem the holding in some respects is analogous to that in certain cases of mechanics' liens, where it has been held that a contractor has no enforceable lien for several months after doing the work or furnishing the materials.    Yet, upon taking the proper steps and maturing his claim, his rights relate back, and become a perfected lien, for all the time that has elapsed since the furnishing of the labor and materials.    The law in many cases carries the preferences and priorities of the lien back to the time of its inception.    *Douglass v. Zinc Co.*, 56 Mo. 388; *Hy. Press Brick Co. v. Bormans*, 19 Mo. App. 664.    There is, in our opinion, nothing in *Boyd v. Ward*

*Furniture, Stove and Carpet Co.*, which in any way conflicts with the ruling which we have made.

I]. The petition charges that the deed of trust was made in fraud of the creditors of the defendant Cohen who is the grantor therein. The plaintiffs, by this allegation, have suggested another insurmountable barrier to their rights of recovery. It shows that they had a complete and adequate remedy at law by attachment. R. S. 1889, secs. 521 (subdivisions 7, 8, 9, 10–14), 522; *State ex rel. v. Mason*, 96 Mo. 127; *Parker v. Rodes*, 79 Mo. 88. And the well-settled course of adjudication in this state is that injunction will not lie where a party has a complete and adequate remedy at law. *Bailey v. Wade*, 24 Mo. App. 186; *Burgess v. Kattleman*, 41 Mo. 480; *Hopkins v. Lowell*, 47 Mo. 102; *Steines v. Franklin County*, 48 Mo. 167; *Demschroder v. Thias*, 51 Mo. 100.

In the view which we have taken of the case it is needless to consider the other points, so ably discussed, in the brief and supplemental argument of counsel.

The judgment of the circuit court must be affirmed. All concur.