BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1910.

W. W. GRAGG et al., Respondents, v. NORTHWEST-
ERN NATIONAL INSURANCE COMPANY,
Appellant.

Kansas City Court of Appeals, March 7, 1910.

1. **FIRE INSURANCE: Arbitration: Demand.** If a fire insurance
policy makes provision for arbitration in case the parties dis-
agree, an action instituted without such arbitration or a de-
mand for it, is prematurely brought.

2. ——————: ——————: ——————. But after an action is dismissed, or
the judgment reversed, on account of no demand for arbitration,
such demand can then be made and the insured be capacitated
to bring his action again.

3. ——————: ——————: ——————: Waiver. If the insured requests an
arbitration and no attention is paid thereto and afterwards he
renews the request by letter, which the insurer ignores, this is
evidence which will support a verdict of waiver or refusal.

4. ——————: ——————: ——————: Waiver: Interest. If there is a
waiver of the provision for arbitration, it amounts to taking it
out of the policy, and interest will be properly allowed without
reference to any provision declaring nothing due on the policy
except the amount fixed by the arbitrators.

Appeal from Bates Circuit Court.—*Hon. C. A. Denton,*
*Judge.*

AFFIRMED.

*Fyke & Snider* and *W. O. Jackson* for appellant.

There was a disagreement as to the amount of loss when the insured offered a sum in settlement, which insured refused to accept and thereupon the appraisal clause of the contract immediately became operative and no right of action could accrue to insured until there had been an appraisal of the amount of his loss or an effort put forth by assured to secure an appraisal. An action instituted before that had been done, is prematurely brought. Murphy v. Insurance Co., 61 Mo. App. 323; Murphy v. Insurance Co., 70 Mo. App. 78; McNees v. Insurance Co., 69 Mo. App. 238; Stevens v. Insurance Co., 120 Mo. App. 88; Zalesky v. Insurance Co., 108 Iowa 341, 79 N. W. 69; Zalesky v. Insurance Co., 71 N. W. 566; Williamson v. L. & L. & G., 122 Fed. 59; Gasser v. Sun. F. Ofs., 42 Minn. 315, 44 N. W. 252; Staut v. Phoenix, 56 Atl. 691, 65 N. J. Eq. 566; Graham v. Insurance Co., 34 Ins. L. J. 193, 79 N. E. 930 (Ohio). No cause of action had accrued June 29, 1908. It was therefore erroneous to allow interest from October 1, 1906. Thwing v. Insurance Co., 111 Mass. 111; Mueller v. Insurance Co., 87 Pa. 399; Beatty v. Insurance Co., 66 Pa. 9; Unsell v. Hartford L. & A., 32 Fed. 446.

*Irving Gordon* and *Chas. E. Gilbert* for respondent.

(1) There never was a disagreement as to the actual cash value of the property destroyed by this fire and until there was such a disagreement an appraisal was not required. Defendant's adjusters simply offered to pay plaintiffs about $6200 in full satisfaction, which was refused. Murphy v. Insurance Co., 61 Mo. App. 323; Stevens v. Insurance Co., 120 Mo. App. 88; Ball v. Insurance Co., 129 Mo. App. 34; James v. Insurance Co., 135 Mo. App. 247. (2) The arbitrary conduct on the part of defendant's adjusters

estops the defendant from defeating this action by invoking the provision for arbitration contained in the policy. Cullen v. Insurance Co., 126 Mo. App. 412. (3) Instructions numbered 2 and 4 were correctly given, yet if the giving of same was error defendant cannot be heard to complain since the case was tried without the question of *res judicata* being raised at any time or in any manner. Bielman v. Railroad, 50 Mo. App. 156; Scott v. City of Nevada, 56 Mo. App. 189; McGonigle v. Daugherty, 71 Mo. 259; Holmes v. Braidwood, 82 Mo. 610; Thorp v. Railroad, 89 Mo. 650. (4) When no direction is given on a former appeal in remanding a cause for new trial, then there is no adjudication made of the facts at issue in the case and the matter at issue remains as it was at first unhampered by anything which occurred on the former appeal. Kelly v. Thuey, 143 Mo. 422; Chemical Co. v. Lackawanna Line, 78 Mo. App. 314; Bird v. Sellers, 122 Mo. 23; Wilson v. Beckwith, 140 Mo. 370; Baker v. Railroad, 147 Mo. 140; Bealy v. Smith, 158 Mo. 522; Fuchs v. City of St. Louis, 167 Mo. 652. (5) The loss being total there could be no appraisal because an appraisement of property wholly destroyed would be an anomaly and this suit was not prematurely brought. O'Keefe v. Insurance Co., 140 Mo. 558; Baker v. Insurance Co., 57 Mo. App. 559; Jacobs v. Insurance Co., 61 Mo. App. 572; Marshall v. Insurance Co., 80 Mo. App. 18; Stevens v. Insurance Co., 120 Mo. App. 106. (6) This suit was not prematurely brought because plaintiffs first demanded an appraisal of this loss the middle of July, 1908, and again August 4, 1908, which defendants refused to do. This refusal strikes the condition from the policy. Dautel v. Insurance Co., 65 Mo. App. 49; McNess v. Insurance Co., 69 Mo. App. 366; Carp v. Insurance Co., 104 Mo. App. 502; Fowble v. Insurance Co., 106 Mo. App. 527; Hanna & Co. v. Insurance Co., 109 Mo. App. 155; Burgess v. Insurance Co., 114 Mo.

App. 169; Ball v. Insurance Co., 129 Mo. App. 44; McCulloch v. Insurance Co., 113 Mo. 618. (7) The question of vexatious delay was fully and fairly submitted to the jury on instructions, and this court will not review their finding. Blackwell v. Insurance Co., 80 Mo. App. 75; Kellogg v. Insurance Co., 133 Mo. App. 227; Brown v. Railway, 45 Mo. 227; Lockwood v. Insurance Co., 47 Mo. 50; Keller v. Insurance Co., 198 Mo. 460; R. S. 1899, sec. 8012. (8) The assured fully complied with the provisions of the Iron Safe Clause in the policy sued on, and turned over to the defendant's adjusters on demand all books, inventory and invoices required under said clause, and plaintiffs had one year from date of the policy sued on in which to make a new inventory. Howerton v. Insurance Co., 105 Mo. App. 575; Malin v. Insurance Co., 105 Mo. App. 641; Carp v. Insurance Co., 116 Mo. App. 535. (9) Plaintiff's instruction No. 1 excepted to by defendant properly instructed the jury to allow interest from October 1, 1906. Risley v. Andrew County, 46 Mo. 382; Neosho City Water Co. v. City of Neosho, 136 Mo. 498; State ex rel. v. City of Neosho, 203 Mo. 57; Field v. Baum, Admr., 35 Mo. App. 511; R. S. 1899, sec. 3705.

ELLISON, J.—This action is based on a policy of fire insurance. The judgment in the trial court was for the plaintiff.

The case was before this court on a former appeal when the judgment was reversed. It will be found on examination of the opinion (132 Mo. App. 405) that plaintiff had instituted his action before resorting to an arbitration as provided in the policy in case of disagreement, which we held he could not legally do. The reversal was had on June 29, 1908. Soon thereafter, in July, plaintiff requested the selection of arbitrators, but defendant did not act upon such request. Afterwards, on the 4th of August, plaintiff wrote a letter to defendant asking for arbitration. This also was ignored.

Notwithstanding the judgment was reversed on account of the action being instituted before demanding arbitration, yet that did not preclude plaintiff from afterwards making such demand preparatory to a new action. [McNees v. Insurance Co., 69 Mo. App. 232.]

. No arbitration was had before the present action was instituted on account, as plaintiff claims, of defendant waiving the right, or refusing to enter into it. We have stated the evidence of waiver or refusal and the trial court submitted the question to the jury on proper instructions. We consider such evidence authorized the submission and the verdict. [McCullough v. Insurance Co., 113 Mo. 606; Fowble v. Insurance Co., 106 Mo. App. 527; Ball v. Insurance Co., 129 Mo. App. 34.]

Defendant insists that it was error to allow interest from the 1st of October, 1906. That claim is made on this ground: That nothing was due, under the terms of the policy until sixty days after an appraisement, and that no demand was made for such appraisement until July, 1908. But if an appraisement was refused, without statement of any cause, or waived by defendant when finally offered by plaintiff, it had the effect of nullifying the provision of the policy giving the right of appraisement. In other words, defendant cannot be permitted to seek or obtain aid from the policy provisions for appraisement or arbitration when it has, itself, set such provision aside.

We have taken due note of and given due consideration to, defendant's suggestions on the question of appraisement or arbitration, the time for bringing the action, the allowance of interest, etc., and are not impressed with them.

In our view we should not disturb the judgment on account of an allowance made for vexatious delay in payment of the claim. The evidence would have justified a finding either way. The instructions on the part of defendant explained fully that no allowance should

be made on that account merely for the reason that the defense was not found to be such as could be sustained. We do not see any right to interfere within the statement of the rule in such cases made by us in Blackwell v. Ins. Co., 80 Mo. App. 75.

There were other points suggested against the judgment, but we believe them not well taken, and it will be affirmed. All concur.