# J. A. LAZONBY, Appellant, v. NORA B. SMITHEY, Respondent.

### Kansas City Court of Appeals, November 7, 1910.

1. **EXEMPTION: Vendor: Personal Property.** Personal property of a debtor, otherwise exempt from sale under execution, is not exempt for the purchase price in the hands of the debtor or purchaser with notice that the purchase price has not been paid.

2. **————: Personal Dower.** If such property be set apart for the widow of a deceased under the statute for an allowance of personal dower, she cannot hold it against the claim of the vendor, notwithstanding the statute provides that it shall not be liable for the debts of the deceased.

3. **————: ————: ————: General Indebtedness.** The statute (sec. 124, R. S. 1899), providing that liens of executions existing at the time of a husband's death should not be enforced against the widow's allowance of personal dower, only applies to executions for general indebtedness of the deceased, and does not apply to special execution for purchase price of property.

4. **ADMINISTRATION: Equity: Relief.** Where a debtor owing a balance for the purchase price of a piano, dies, and the piano is turned over to the widow as a part of her statutory allowance of $400 as personal dower, and an order made by the probate court dispensing with administration on the ground that the estate did not exceed the widow's dower: It was *held* that such widow could not hold the piano as exempt from the vendor's claim, and that on his petition the probate court should appoint an administrator to administer the estate to the end that the vendor could have his claim allowed, preparatory to a bill in equity enforcing his claim against the piano for the purchase price.

## Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble,* Judge.

REVERSED AND REMANDED.

*J. L. Farris, Jr.,* for appellant.

(1)  Applicant had a right, under the admitted facts, to demand the appointment of an administrator, so that he could file his claim for purchase money, obtain a judgment reciting that the same was for purchase of the piano in question, in order to place himself in position to call into requisition the assistance of a chancery court in securing possession of said piano and in subjecting it to the payment of the balance due for purchase money.   Woolfolk v. Kemper, 31 Mo. App. 423.  (2)  Under the terms of the statute, J. A. Lazonby must have a judgment in order to subject property to the purchase price. R. S. 1899, sec. 3170.  (3)  The widow, where the amount of the property left by deceased is less than $400, cannot take this property as a part of her $400 allowance, freed of the right, after judgment, to levy upon the property and subject it to the payment of the judgment for balance of purchase money. Woolfolk vs. Kemper, supra p. 424.  (4)  Before applicant could call upon a court of equity to aid him in the premises, he must have gone as far as may be with his legal remedy. Merry v. Fremon, 44 Mo. 518; Alnut v. eeper, 48 o. 319.

*Lavelock & Kirkpatrick* for respondent.

(1)  By virtue of the provision of sections 105 and 106 of Revised Statutes of Missouri 1899, respondent, as such widow, was entitled to certain personal property of her deceased husband, and, under section 107, in addition to the property mentioned in the first named sections, she was also entitled to other personal property of her deceased husband, not to exceed the appraised value of $400, so that under the last mentioned section, respondent was entitled to *all* the personal property of her deceased husband, including the piano in question, and the probate court so found and adjudged in its judgment of November 16,

1909. (2) But, even if appellant had reduced his claim to a judgment and caused execution to be issued and the piano levied on, or had attached the same, this would not defeat the widow's rights thereto, for it is specially provided by section 124, Revised Statutes 1899, that the widow shall not be deprived of her benefit or claim to any property of her deceased husband under any of the sections of the statute heretofore mentioned by reason of any such claim or lien.

ELLISON, J.—This proceeding was instituted in the probate court of Ray County for the appointment of an administrator of the estate of James B. Smithey, deceased. That court refused the application and the circuit court did likewise on appeal.

It appears that in Smithey's lifetime he bought a piano of Lazonby and gave his note for two hundred dollars as a balance of the purchase price. He took possession of the piano at time of purchase and it was in his possession at his death. He left surviving him a widow and two children. His estate, including the piano, was of less value than $400 and the probate court set it apart for the widow as provision in her behalf made by the statute; and, as authorized by statute in such cases, ordered that as there was no necessity of administration, none should be had.

Afterwards the present proceeding was instituted by Lazonby setting up that the piano in the widow's possession and held by her as a part of her statutory allowance of four hundred dollars, was sold by him to Smithey, deceased, who executed his note for a part of the purchase price and that he desired that administration he had so that he could have his note allowed and then proceed to subject the piano to his claim for the purchase money. The widow meets this with a denial that a claim for the purchase money can, by any procedure, be enforced against the property after it

has passed into her hands, and that she holds it discharged of any obligation.

The facts are not disputed, and we have merely to apply the law to them. The statute (sec. 107, R. S. 1899) allows the widow $400 of the husband's estate and if such estate does not exceed that sum no necessity exists for an administration and it may ordinarily be dispensed with. But the statute (sec. 3170, R. S. 1899) makes liable to judgment and execution any personal property on which the purchase money remains unpaid. It reads as follows: "Personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." Now while it has been held that this statute does not create a lien, or confer a priority, in favor of the vendor (Straus v. Rothan, 102 Mo. 261), yet it does lay on such property a liability from which other property is exempt. That liability is, that it shall be held for the purchase price in every one's hands except those of an innocent purchaser for value, who has no notice that such price has not been paid.

The widow obtains the property *cum onere*. She is not an innocent purchaser for value. She is not a purchaser at all. The vendor, in point of morals, has an interest in the property to the amount of the unpaid purchase money. If she takes it without purchase, it must be with its burthen of liability for its price.

The statute (sec. 107, R. S. 1899) gives her four hundred dollars worth of personal property of her deceased husband, and declares, in section 108, that "the property so delivered shall in no case be liable for the payment of the debts of the deceased." This means that such property is not liable to be appropriated or sold by the administrator or probate court

for the payment of such debts, as well as that it could not be taken under an execution. Yet by the terms of section 3170, already set out, it is declared that personal property shall *in all cases* be subject to execution for the purchase price, and shall in *no* case be exempt from such execution except in the hands of an innocent purchaser for value. Thus we have one statute saying that the property shall in "no case be liable" for the debt, and another statute that it "shall in no case be exempt" from liability, except in favor of an innocent purchaser. Where there is a statute worded in general terms and another statute, on the same subject, worded in specific terms, the latter qualifies the former: [State v. Kessels, 120 Mo. App. 233, 242.] This is a fundamental rule of statutory construction. "A general prohibition is not inconsistent with a special indulgence, and a special indulgence is not repealed by a general prohibition, though the latter is subsequent in time to the former." [Smith v. Clark County, 54 Mo. 58, 69.] "Where a general intention is expressed, and the act also expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception. While, if a particular thing is given out or limited in the preceding parts of a statute, this shall not be taken away or altered by any subsequent general words of the same statute." [182 Mo. 359, 366.] So therefore the two statutes, read together, should be taken to mean that the property given the widow "shall in no case be liable for the payment of the debt of the deceased, except where that debt is for the purchase price of the property."

This view in nowise is opposed to Straus v. Rothan, cited above. That case decides that the statute protecting the vendor of personal property does not create a lien in his favor, nor does it establish any

priority of creditors. The view we have endeavored to state does not do that. That case, and all others on the subject decided since, while denying that the statute regulates priorities among creditors, concede that personal property cannot escape an execution for the purchase price except when it is in the hands of an innocent purchaser.

But it is said that another statute sustains the widow's right to hold the property free from any claim of the vendor. That such statute protects her ownership by providing that it shall not be subject to execution liens, and that therefore, if Lazonby had had a judgment and execution at Smithey's death, he would have been powerless to enforce it by reason of the statute. Upon this assertion in behalf of the widow it is said that the claim of the vendor is subordinate to hers. If the statement is a correct interpretation of the statute, we think it would be true that the conclusion would follow. But we do not believe it is correct. The statute is found in sections 122, 123 and 124, Revised Statutes 1899. The two first sections provide that if any of a deceased's personal property be bound by a lien of execution at the time of his death, whether levied on or not, the executor shall include it in his inventory and have it separately appraised and report it to the probate court, which court may require it to be redeemed or sold. It is further provided that the proceeds of the sale shall be applied to payment of the execution debts and that the residue shall be assets to be administered as other property of the estate. Section 124, upon which the widow strongly relies, then provides that the two sections just spoken of "shall not be so construed as to deprive the widow and minor children of their benefit of any of the provisions of the preceding sections of this chapter." And among such preceding sections are those giving her four hundred dollars of the property of the estate under which she claims the piano in controversy. [Secs. 107, 108].

To give this statute the construction placed upon it by counsel would lead to great injustice in instances like the one here involved. We, however, believe that the statute, thus providing for the payment of execution liens existing against the debtor at his death and at the same time protecting the widow's allowance from such liens, refers to ordinary execution liens for ordinary debts and not those special execution liens issued on special judgments for purchase money. Both the statute making property liable to execution for purchase price and that protecting the widow against execution liens, may be said to be exemption statutes. They relate to a common subject, and they should be construed as being in harmony so that both may have full effect, and the meaning we give it serves that purpose.

That section 124 did not mean to protect a widow and heirs in virtually confiscating a vendor's property by keeping it and denying him the purchase money, is borne out by all considerations of justice. The Legislature was, properly enough, liberal in exemption laws in protection of the family of a debtor, but realizing the great injustice to a vendor in preventing him, not only from taking the debtor's general property for his debt, but also the identical property for which the debt was created, added by way of exception to the exemption statute, that the latter should not be exempt in the debtor's possession, or that of any one else save an innocent purchaser for value, and such the widow is not.

Exception to the general exemption law has always existed in favor of an execution for taxes [section 3165, R. S. 1899.] If we should allow section 124 the breadth of meaning asked by the widow, it would make necessary to say that property thus held by her would be protected from sale for taxes. There are other exceptions to the exemption statute. They apply to debts not exceeding ninety dollars for house servants and

common laborers [secs. 3166-3169, R. S. 1899.]  Whether these would be enforced against the widow's claim we will not say.  The statute gives the property to her and if she should die without consuming or disposing of it, it would go to her administrator and through him to her heirs as against the claim of general creditors.  [Hastings v. Myers' Adm'r, 21 Mo. 519.] It looks unjust to say that the fact of the debtor's death deprived the servant of the right he would have had but for the death.  As to this, however, we do not wish to be understood as expressing any opinion.

Having concluded that the personal property of an estate of a deceased, given to the widow by the statute as an allowance, is not exempt from the claim of the vendor for the purchase money, it remains to be determined whether Lazonby was pursuing the proper course to that end, in view of the circumstances in which he found himself placed by the death of Smithey. A vendor creditor, as such, should enforce his claim by judgment and execution against the property sold by him.  But if by the mishap of the death of the purchaser, he cannot bring an action or obtain a judgment and execution, he ought not to be deprived of his right. He should be given relief in a court of equity and he should be allowed the opportunity to put himself in position for good standing in such court.  If there was an administration on the estate Lazonby could have his note allowed as for balance of purchase money of a piano sold deceased.  He could then bring an action in equity setting up the facts showing that he had pursued his right under the law as far as he could go, and asking relief.  This identical question was before this court in Woolfolk v. Kemper, 31 Mo. App. 421, and we decided the creditor could find practical relief in that way.

It follows that the judgment should be reversed and the cause remanded.  All concur.