

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Marion McGee
County Auditor
Hays County
San Marcos, Texas

Dear Sir:

Opinion No. 0-1753

Re: Should the Hays County Purchasing Agent buy all supplies and not allow officers to buy any part of same and deduct such items of expense; or should the county not buy any supplies except as required by Section 1 of Article 3899b, and force all other officers to buy the supplies and deduct as items of expense? And related questions.

Your letter, requesting the opinion of this Department, pertaining to the questions as are herein stated has been received.

Your letter reads in part as follows:

"Article 3891, Vernon's Civil Statutes of Texas, provides that county and precinct officials shall out of their fees of office pay authorized expenses under Article 3899, the maximum fees allowed by law for their services and the balance to the County Treasurer. Article 3899b, Section 1, provides that there shall be allowed to certain named county officials such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioner's Court out of the County Treasury; and Section 2 of that Article provides that in the discretion of the Commissioner's Court such items of expense may be paid for on order of the Commissioner's Court out of the County Treasury.

"There appears to be a conflict in the above
provisions of our statutes when it comes to de-
ciding whether such expenses should be paid by
the county, or whether the officers should pay
for such expenses out of the fees of office and
be allowed to deduct for such expenses in their
annual fee report. Hays County is a county of
less than 20,000 population and is on a fee basis.
The county buys certain supplies for the use of
certain officers and other officers buy certain
supplies themselves and deduct such items of ex-
pense when making their fee reports and settling
for excess fees, if any. It appears that it is
mandatory for the county to purchase supplies,
etc.for certain officers with the same being
discretionary as to other officers, while at the
same time the law also says that fee officers may
deduct these items of expense. Should the county
purchasing agent buy all supplies and not allow
officers to buy any part of same and deduct such
items of expense; or should the county not buy
any supplies except as required by Section 1 of
Article 3899b, and force all other officers to
buy the supplies and deduct as items of expense?
Would the rule be the same as to those officers
who earn the maximum and those who often earn
only a fraction of the maximum?"

Article 3891, Vernon's Civil Statutes, reads in
part as follows:

"Each officer named in this Chapter shall
first out of the current fees of his office pay
or be paid the amount allowed him under the pro-
visions of Article 3883, together with the sal-
aries of his assistants and deputies, and author-
ized expenses under Article 3899, and the amount
necessary to cover costs of premium on whatever
surety bond may be required by law. If the cur-
rent fees of such office collected in any year
be more than the amount needed to pay the amounts
above specified, same shall be deemed excess fees,
and shall be disposed of in the manner hereinafter
provided.

"In counties containing twenty-five thousand
($25,000) or less inhabitants, District and County
officers named herein shall retain one-third of
such excess fees until such one-third, together

with the amounts specified in Article 3883,
amounts to Three Thousand Dollars ($3,000).
Precinct officers shall retain one-third un-
til such one-third, together with the amount
specified in Article 3883, amounts to Fourteen
Hundred Dollars ($1400)."

Section (a) of Article 3899, Vernon's Civil Stat-
utes, reads as follows:

"At the close of each month of his tenure
of office each officer named herein who is com-
pensated on a fee basis shall make as part of
the report now required by law, an itemized and
sworn statement of all the actual and necessary
expenses incurred by him in the conduct of his
office, such as stationery, stamps, telephone,
premiums on officials' bonds, including the
cost of surety bonds for his Deputies, premium
on fire, burglary, theft, robbery, insurance
protecting public funds, traveling expenses and
other necessary expenses. The Commissioners'
Court of the County of the Sheriff's residence
may, upon the written and sworn application of
the Sheriff stating the necessity therefor, pur-
chase equipment for a bureau of criminal identi-
fication such as cameras, finger print cards,
inks, chemicals, microscopes, radio and labora-
tory equipment, filing cards, filing cabinets,
tear gas and other equipment in keeping with
the system in use by the Department of Public
Safety of this State or the United States Depart-
ment of Justice and/or Bureau of Criminal Iden-
tification. If such expenses be incurred in
connection with any particular case, such state-
ment shall name such case . Such expense account
shall be subject to the audit of the County Auditor,
if any, otherwise by the Commissioners Court; and
if it appears that any item of such expense was
not incurred by such officer or such item was not
a necessary expense of office, such item shall be
by such auditor or court rejected, in which case
the collections of such item may be adjudicated
in any court of competent jurisdiction. The amount
of salaries paid to Assistants and Deputies shall
also be clearly shown by such officer, giving the
name, position and amount paid each; and in no
event shall any officer show any greater amount
than actually paid any such Assistant or Deputy.

The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity theæfor, allow one or more automobiles to be used by the Sheriff in the discharge of his official duties, which, if purchased by the County, shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the County and they shall be and remain the property of the county. The expense of maintenance, depreciation and operation of such automobiles as may be allowed, whether purchased by the county or owned by the Sheriff or his Deputies personally, shall be paid for by the Sheriff and the amount thereof shall be reported by the Sheriff, on the report above mentioned, in the same manner as herein provided for other expenses."

We will review the general statutes relative to the question at hand.

Article 1638, Revised Civil Statutes of Texas, was originally enacted by the Twenty-ninth Legislature, in 1905, under the title "County Auditors" and reads:

"Bids shall be asked for all supplies for stationery, books, blanks, records, and other supplies for the various officers for which the county is required to pay, and the purchase made from the lowest bidder, after filing said bid with the Auditor for record."

It will be observed that this statute is a legislative declaration requiring competitive bids on all purchases by the county of the items described. The statute, however, does not particularize as to the manner or means of effecting such.

Article 1659, Revised Civil Statutes of Texas, was also originally enacted by the same legislature, under the same title, containing the emergency provision allowing the purchases by the county, without advertising for competitive bids, when not in excess of fifty dollars.

Article 1659, supra, was amended by the Thirty-seventh Legislature in 1921, whereby the emergency provision now allows purchases by the county not in excess of one hundred and fifty dollars, in cases of an emergency, without advertising for competitive bids.

Article 1659, supra, now reads:

"Bids for material. Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and re-advertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids."

It will be noticed that Article 1659, supra, is a general statute, and applying to supplies of every kind, purchased by the county, and providing for the manner of purchases thereof by competitive bids, and providing for an emergency. Therefore, in the absence of specific statutes applying to legal blanks, stationery and similar supplies, and providing for the manner of purchase thereof by competitive bids, this general statute would control the matter. The correct rule of statutory construction, in such cases, is stated in the opinion of Ex Parte Townsend, 144 S.W.628, 641, as follows:

"It is also well established that, where one statute deals with the subject in comprehensive

terms and another statute deals with a portion
of the same subject in a more definite way, the
two should be read together, if possible, with
the view to giving effect to a consistent legis-
lative policy. However, if there is any neces-
sary conflict between two such laws, the special
will prevail over the general statute. Where the
special statute is plainer, it will be regarded
as exception to, or qualification of, the prior
general one, and, when the general act is later,
the special will be construed as remaining an
exception to its terms, unless it is repealed in
express words or by implication. Cyc. 36, 1151;
Rodgers v. United States, 185 U. S. 83, 22 Sup.
Ct. 582, 46 L. Ed. 816; Rosentrans v. U. S.,
165 U. S. 257, 17 Sup. Ct. 302, 41 L. Ed. 708;
Lazondy v. Smithey, 151 Mo. App. 285, 131 S.W.
708."

There are, however, specific statutes relating to
this subject, providing both for the purchase of such supplies
by the commissioners' court itself, and also for the purchase
of such supplies by the various officers of the county with
the requirement that such must be approved by the commissioners'
court.

The statutes pertaining to purchases of such supplies
by the commissioners' court itself are articles 2358-2367,
Vernon's Civil Statutes. Articles 2358 and 2359, thereof,
read as follows:

"Article 2358. The commissioners court by
an order entered of record, may contract as
hereinafter prescribed, with some suitable per-
son or persons to supply the county with blank
books, all legal blanks and stationery as may
be required by law to be furnished the county
officials."

"Article 2359. The commissioners court
shall advertise, at least once in every two
years, for sealed proposals to furnish blank books,
legal blanks, stationery and such other printing as
may be required for the county for the term of
such contract, and shall receive separate bids
for the different classes hereinafter desig-
nated. Such advertisement shall be made by
the county clerk, who shall notify by registered
letter, each newspaper and job printing house

in the county, and at least three stationery
and printing houses in the State, of the time
said contract is to be awarded, and of the prob-
able amount of supplies needed."

These statutes being specific enactments relating
to blank books, all legal blanks, and stationery, the pro-
visions thereof which control the method of purchase by
the commissioners' court of such supplies, together with
the method of securing competitive bids therefor.

Articles 2358-2367, inclusive, supra, do not
however, contain emergency provisions as are found in Ar-
ticle 1659, supra. Then we have the question as to whether
or not the emergency provision of Article 1659 would apply
to purchases of such supplies by the commissioners' court
of the county. It is manifest, that it was the legislative
intention that Article 1659 was to apply to purchases of
supplies of every kind by the county, in the absence of
specific statutes, dealing with portions of the same sub-
ject. As we have above stated, Articles 2358-2367, in-
clusive, supra, deal with a portion of such subjects as to
the manner of purchase and of securing competitive bids.
Such statutes, however, do not deal with such portion of
the subject as to an emergency. Therefore, as to such,
the general statute, Article 1659, supra, would apply,
and the emergency provision of Article 1659 would be appli-
cable to purchases by the commissioners' court of the
county of stationery, legal blanks, and like supplies.

Section (a) of Article 3899, Vernon's Civil Statutes,
supra, authorizes expenditures for expenses incurred by coun-
ty officials who are compensated on the fee basis in the con-
duct of their offices, such as stationery, stamps, telephone,
premiums on officials' bonds, including the cost of surety
bonds for his deputies, premiums on fire, burglary, theft,
robbery insurance protecting public funds, traveling expenses
and other necessary expenses subject to the orders of the
county auditor, if any, otherwise by the commissioners' court
and if it appears that any item of such expense was not in-
curred by such officer or such item was not a necessary ex-
pense of office, such item shall be by such auditor or court
rejected, in which case the collections of such item may be
adjudicated in any court of competent jurisdiction. The
amount of such expenses shall be paid out of the fees earned
by such officer.

Section 1 of Article 3899b, Vernon's Civil Statutes,
is to be construed with Section b of Article 3899 which

relates to county officials who are compensated on a salary basis and is not applicable to counties where the county officials are compensated on a fee basis, and buy such items as provided for by Sections (a) of Article 3899, supra, Section 1 of Article 3899b applies to purchase of those items mentioned therein when made by the commissioners, and not to those items enumerated in Section (a) of Article 3899, when purchased by the county officials who are compensated on a fee basis.

Section (a) of Article 3899, supra, contemplates the purchase of the items enumerated therein by the officers of the county as is shown by the requirement that all of such purchases or expenditures must be approved by the county auditor, if any, or otherwise by the commissioners' court.

In view of the foregoing statutes you are advised that it is the opinion of this Department that the purchase of legal blanks, stationery and similar supplies by the commissioners' court of the county, itself, is controlled by the provisions of Articles 2358-2367, inclusive, supra, and Section 1, Article 3899b, as to the manner of such purchases and the manner of effecting competitive bids thereunder; and further that the emergency provisions of Article 1659 are applicable to purchases by the commissioners' court of such supplies.

You are further advised that the purchase of such supplies by the county officers who are compensated on a fee basis is controlled by Section (a) of Article 3899, supra, requiring such purchases to be subject to the audit of the county auditor, if any, otherwise by the commissioners' court.

In answer to your last question you are advised that as far as the purchases of such supplies by the county officers as authorized by Section (a) of Article 3899, supra, it is immaterial whether those officers earn the maximum or only a fraction of the maximum.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

AW:LM/rt

By /s/ Ardell Williams
Assistant

APPROVED DEC 13, 1939
/s/ Gerald C. Mann
Attorney General of Texas

APPROVED
Opinion Committee
By: BWB, Chairman