GENERAL AMERICAN LIFE INSURANCE COMPANY, a Corporation, Appellant, v. GEORGE LEAVENWORTH, KATHERINE P. LEAVENWORTH, his wife, and MATTIE LEAVENWORTH.—149 S. W. (2d) 360.

Division Two, April 3, 1941.

*Stephen A. Boggiano, William Waye, Jr., Taylor R. Young* and *Richard A. Austin* for appellant; *Allen May* of counsel.

*Creech & Creech* for respondents.

TIPTON, P. J.—This is a suit in equity, in the nature of a creditor's bill, to set aside certain alleged fraudulent conveyances of land, situated in St. Charles County, Missouri, and to subject the land to the payment of an alleged indebtedness of the original grantors to the appellant herein. The trial court entered a judgment in the sum of $34,231.01, and the further sum of $2,500 for appellant's attorney fees against the respondents George and Katherine P. Leavenworth for the balance due on an unsecured note executed by them. It also found in favor of respondent Mattie Leavenworth for the reason that the conveyance of the land to her was for a valuable consideration and not in fraud of creditors of the grantors.

Does the petition in this case state a cause of action?

The failure of the petition to state a cause of action is jurisdictional and may be raised at any stage of the proceedings, even for the first time in this court. [McQuitty v. Wilhite, 218 Mo. 586, 117 S. W. 730, 131 Am. St. Rep. 561; Turner v. Hunter, 225 Mo. 71, 123 S. W. 1097; United Cemeteries Co. v. Strother, 342 Mo. 1155, 119 S. W. (2d) 762.]

The essential facts alleged in the petition are that the appellant now is the owner of a note executed by the respondents George Leavenworth and Katherine P. Leavenworth, and that there is an unpaid balance of $24,083.74 and interest due on this note; that there is now pending in the Circuit Court of St. Charles County a suit on this note, case No. 147, in which George Leavenworth and Katherine P. Leavenworth are defendants; that at the time that suit was commenced, these defendants were nonresidents of the State of Missouri, and their interest in certain described real estate was attached; that these defendants entered their appearance and the attachment was duly dissolved; that between the dates of September 2, 1932, and September 29, 1932, the respondents entered into a wrongful conspiracy to cheat and defraud the appellant by fraudulently and wrongfully, and for the purpose of hindering and delaying and defrauding the creditors of the respondents, George Leavenworth and Katherine P. Leavenworth caused a warranty deed to be executed conveying the land described in the attachment to respondent Mattie Leavenworth; that the deed was wholly without consideration and was executed in furtherance of the aforesaid conspiracy; that the respondent George Leavenworth had been adjudicated a bankrupt and

the debt herein sued on was listed in the schedule in the bankruptcy proceeding, but an agreement was entered into between the bankrupt and the holder of the note that the discharge in bankruptcy would not be pleaded in any proceedings that might thereafter be brought to enforce the payment thereof; that the respondents George Leavenworth and Katherine P. Leavenworth were insolvent; and that appellant further brought this suit in aid of suit No. 147, heretofore filed by it. Briefly, the prayer of the petition was that the appellant have a money judgment against the respondents in the sum of $24,083.74, and that the property described in the petition be subject to the payment of the balance due on the note.

■ Ordinarily, before an unsecured creditor can maintain a creditor's bill, he must first reduce his claim to a judgment before seeking relief in equity, since one who is charged with money indebtedness usually has the right to have the question of the existence and the amount of the debt determined by a jury. This is for the reason that before a creditor can maintain a suit in equity in the nature of a creditor's bill to set aside a conveyance as being in fraud of creditors, he must first exhaust his remedies at law. However, this court has recognized at least two exceptions to this rule: first, where the existence and the amount of the debt are admitted or not denied; and, second, where the debtor is absent from the State and not subject to ordinary process of law within the State. In either case a previous judgment may be dispensed with. [Buckley v. Maupin, 344 Mo. 193, 125 S. W. (2d) 820; State ex rel. Brigance v. Smith, 345 Mo. 793, 135 S. W. (2d) 355.]

■ The petition in the case at bar does not allege facts showing that the claim or amount sued upon is admitted or not denied. On the contrary, the petition alleges that the appellant brought an ordinary action at law to obtain a judgment and that suit was commenced by bringing an attachment proceeding, but that the attachment has been dissolved by the entry of appearance of George Leavenworth and Katherine P. Leavenworth. Under Section 1442, R. S. Mo. 1939, the defendants must necessarily have filed an answer to the merits of that petition before the attachment could be dissolved. Under these circumstances, we cannot come to any other conclusion but that the claim upon which this petition is based is not admitted or not disputed, both as to its validity and as to the amount.

Therefore, the petition does not come within the exception to the general rule that a judgment on an unsecured debt must first be obtained before the creditor has a right to equitable relief.

It follows that the petition fails to state a cause of action and, therefore, the judgment of the trial court should be reversed and the petition dismissed. It is so ordered. All concur.