MANUFACTURERS BANK & TRUST COMPANY OF ST. LOUIS, as Liquidating Agent for the LAFAYETTE-SOUTH SIDE BANK & TRUST COMPANY, a Corporation, Appellant, v. ROSSEN FURNITURE COMPANY, a Corporation, ANNA DAWIDOFF, HARRY DAWIDOFF, BESSIE GARFINKEL, LEO GARFINKEL, HARRIS ROSSEN, JOSEPH J. ROSSEN, JULIUS A. ROSSEN and FLORENCE F. ROSSEN.—159 S. W. (2d) 276.

Division One, December 12, 1941.

Rehearing Denied, February 26, 1942.

*Rassieur, Long & Yawitz* for appellant.

*Clark M. Clifford* and *Arthur J. Freund* for respondents.

*Roy McKittrick*, Attorney General, and *Covell R. Hewitt*, Assistant Attorney General, *amici curiae.*

GANTT, P. J.—Action in equity to have plaintiff adjudged a creditor of Harry Rossen in the sum of $20,669.74, to set aside the transfer of property to his children as in fraud of creditors, and to subject the property to the payment of the alleged indebtedness. Judgment for defendants and plaintiff appealed.

Defendants include the five children of Rossen and the husbands and wives of children. Plaintiff is the assignee of a $51,000 note executed by Rossen on November 28, 1932. It admits that a credit on the note reduced the same to $20,669.74. The petition in this case was filed on July 9, 1937. At that time there was pending in the circuit court of the City of St. Louis an action by plaintiff against Rossen for the amount alleged to be due on the $51,000 note. The petition in that case was filed October 13, 1934. Rossen entered his appearance in that case, which was continued from term to term. In the meantime Rossen died on October 24, 1936, a non-resident of Missouri.

Defendants contend that the pleading and proof do not authorize a court of equity to set aside the transfer of property. They argue that plaintiff should first reduce its claim to judgment. Plaintiff contends that, under the facts, this case is within exceptions to the rule. Of course, if either the amount of the indebtedness is admitted or ordinary process cannot be served upon the debtor, the rule is without application. (Buckley v. Maupin, 344 Mo. 193, 125 S. W. (2d) 820; State ex rel. Brigance v. Smith, 345 Mo. 793, 135 S. W. (2d) 355; General American Life Ins. Co. v. Leavenworth, 347 Mo. 876, 149 S. W. (2d) 360.)

The execution of the note is not denied. However, the amount

1180

alleged to be due on the note is not admitted. Furthermore, Rossen was in court by his entry of appearance. Even so, plaintiff contends that the case could not be revived in the circuit court on the death of Rossen for the reason he left no property in this state in his name. The contention must be overruled. On a proper showing by a creditor of Rossen, it would be the duty of ▮▮ the probate court to appoint an administrator that a pending action might be revived. If revived, the indebtedness, if any, of Rossen to plaintiff could be reduced to judgment. After judgment, plaintiff would be authorized to proceed in equity for a determination of the question of fraudulent transfers of property. (Woolfolk v. Kemper, 31 Mo. App. 421, 424; Lazonby v. Smithey, 151 Mo. App. 285, 292, 131 S. W. 708; Buckley v. Maupin, supra, l. c. 204; Rozell v. Harmon, 103 Mo. 339, l. c. 342, 15 S. W. 432.)

The judgment should be affirmed. It is so ordered. All concur.