**Mary JONES, Plaintiff-Respondent,**

v.

**John DAVIS and Carrie Davis, Defendants-Appellants.**

**No. 22451.**

Kansas City Court of Appeals.

Missouri.

May 6, 1957.

Carl R. Johnson and Lee Vertis Swinton, Kansas City, for appellants.

Roy A. Larson, Jr., Sprinkle, Knowles & Carter, Kansas City, for respondent.

CAVE, Judge.

This is a suit to set aside a deed alleged to have been made in fraud of a creditor, and also that the grantor therein was mentally incompetent and unduly influenced. The trial resulted in a judgment setting aside the deed.

■ Title to real estate is involved within the meaning of Sec. 3, Art. V, Constitution of 1945, V.A.M.S. and jurisdiction is in the Supreme Court. Walton v. Van Camp, Mo.Sup., 283 S.W.2d 493; Balch v. Whitney, Mo.Sup., 273 S.W.2d 497; and Goodman v. Crader, Mo.Sup., 227 S.W.2d 457.

■ We observe that plaintiff's petition merely alleges that she is a creditor of the grantor in the deed, who was deceased at the time of the filing of the suit. Apparently there was no administration of his estate and plaintiff's claim was never reduced to judgment. The general rule is that a simple creditor cannot maintain a suit to set aside a conveyance of a debtor as fraudulent until the demand has been reduced to judgment. Daggs v. McDermott, 327 Mo. 73, 34 S.W.2d 46, and cases cited therein.

Not having jurisdiction of the cause, we cannot pass upon any question presented on appeal to this court.

The cause is transferred to the Supreme Court.

All concur.