Mary JONES, Plaintiff-Respondent,

v.

John DAVIS and Carrie Davis,
Defendants-Appellants.

No. 46326.

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1957.

Carl R. Johnson, Lee Vertis Swinton, Kansas City, for appellants.

Roy A. Larson, Jr., Sprinkle, Knowles & Carter, Kansas City, for respondent.

HOLMAN, Commissioner.

On January 25, 1952, one Thomas H. Felix executed and delivered a warranty deed which conveyed certain real estate located in Kansas City, Jackson County, Missouri, to defendant Carrie Davis. Mr. Felix died on February 17, 1952. Plaintiff, an alleged creditor of Felix, thereafter instituted this action in which she sought to set aside the aforementioned deed and thus subject the real estate therein described to the payment of her alleged claim. A trial resulted in a judgment for plaintiff in which it was recited that said deed "is hereby set aside and for naught held." In that connection it may be stated that the trial court impaneled a jury to aid it in the determination of certain fact issues, and the jury returned a verdict for plaintiff apparently based upon a finding that the grantor was mentally incapable of making the deed in question. The court apparently adopted that finding, which was, of course, merely advisory.

Defendants (the grantee and her husband) appealed from the foregoing judgment to the Kansas City Court of Appeals, but that court properly transferred the cause to this court. Jones v. Davis, Mo. App., 301 S.W.2d 881. We have appellate jurisdiction as title to real estate is involved. Section 3, Article V, Constitution of Missouri, 1945, V.A.M.S.

Plaintiff, in her petition, alleged "that she is a creditor of the estate of Thomas H. Felix, deceased; that during his lifetime and at his request, she rendered certain valuable services for him, the reasonable sum [value?] of said services being Five Thousand ($5,000.00) Dollars." She alleged further that shortly before his death deceased went to live with defendants; that on January 5, 1952, he suffered a stroke which rendered him physically and mentally incapable of managing his own affairs and as a result thereof he became more susceptible to the control and undue influence which was exerted upon him by defendants in obtaining the aforementioned deed; that the deed was without consideration and void because made for the purpose of defrauding plaintiff and at a time when the grantor did not have the mental capacity to make the same; that after conveying said real estate he had no assets except a small amount of personal property.

The judgment herein must be reversed. This for the reason that there is no allegation in the petition that plaintiff's claim had been reduced to judgment or allowed as a demand against decedent's estate. The petition was not strengthened in that respect by the evidence. Indeed, we think it is conceded that plaintiff had not obtained a judgment against decedent in his lifetime and, at the time of the filing of this suit, and also at trial time, no administration had been commenced upon the estate of Felix and, of course, plaintiff's claim had not been allowed against that estate.

"The general rule of law is that a mere general or simple creditor cannot maintain a suit in equity to set aside a fraudulent conveyance, and that 'only judgment creditors and those who have a legal or equitable lien on the property,' or who have commenced attachment suits against the property, can maintain such suit." Daggs v. McDermott, 327 Mo. 73, 34 S.W. 2d 46, 49. See also, Buckley v. Maupin, 344 Mo. 193, 125 S.W.2d 820; General American Life Ins. Co. v. Leavenworth, 347 Mo.

876, 149 S.W.2d 360; and Manufacturers Bank & Trust Co. of St. Louis v. Rossen Furniture Co., 348 Mo. 1177, 159 S.W.2d 276. The foregoing cases also indicate that if the amount of the indebtedness is admitted, or if it appear that the ordinary process of law cannot be served upon the debtor, the rule requiring that the claim be reduced to judgment is not applied. In that connection it may be noted that the answer of the instant defendants denied the allegations of the petition to the effect that plaintiff was a creditor of the estate of deceased, and they made no admission during the trial in regard to that issue. Moreover, since Mr. Felix was a resident of Jackson County, Missouri, at the time of his death, it appears that plaintiff could have proceeded to cause his estate to be administered upon so that she could have endeavored to establish her claim for services. Section 461.040 RSMo 1949, see now as re-enacted and amended, Laws of Missouri 1955, Section 34, p. 401, Section 473.020, V.A.M.S.

■ The basic reason for the aforementioned rule is that a court of equity can only interfere with the right of a debtor to dispose of his property at the instigation of a bona fide creditor, and it cannot be said with certainty that one is an actual and subsisting creditor until his alleged debt has been reduced to judgment or allowed as a claim against a deceased debtor's estate. It may well be that the alleged creditor will not be successful in obtaining a judgment against the debtor. In that event, if he has been priorly permitted to maintain an action in equity to set aside an allegedly fraudulent deed, the time of the court has been wasted and the grantor has been put to needless trouble and expense. It is also frequently said that the debtor is entitled to have the issue of indebtedness determined by a jury and that a court of equity is not the proper tribunal to determine the amount due upon a purely legal demand. It may be noted that this latter reason is not applicable in the instant case as the plaintiff herein did not attempt to have the court adjudicate the amount of her recovery.

The question before us was specifically ruled in the case of Buckley v. Maupin, supra, wherein we affirmed the action of the trial court in sustaining a demurrer to a petition similar to the one before us. In that opinion we said (125 S.W.2d 826): "In the instant case no action was taken by plaintiff during the lifetime of the alleged debtor to establish her claim at law and this suit in equity was commenced after death of the alleged debtor. The administratrix of the estate and the alleged fraudulent grantees of the real estate are made parties defendants and plaintiff attempts to proceed in equity without first having established her claim against the estate at law. The reasons, heretofore mentioned, for the requirements that the claimant in a suit of this nature must first establish his claim, and exhaust his remedies, at law do not fail, and are none the less potent, because of the death of the alleged debtor. The claimant's legal remedy is as ample against the estate of the deceased in the hands of the personal representative as it was against the alleged debtor in his lifetime. Therefore, the claimant, before he can assert the right to proceed in equity as a subsisting creditor, must first establish his claim or demand against the estate in one of the modes prescribed by law, that is, either by obtaining a judgment on his claim in an action against the administrator, in a court of record, and exhibiting the judgment for classification in the probate court, or obtaining the allowance of his claim or demand against the estate upon a presentation and hearing in the probate court. Either course permits a determination and adjudication at law of a purely legal claim, and the legal representative may make any defense which the alleged debtor could have interposed and have it determined upon a trial by jury. Since the law will not permit a creditor of an estate, on recovering judgment against the administrator, or on having his claim allowed in probate court, to sue out an execution thereon, a showing that he has thus established his claim at law, and is therefore a subsisting creditor, and that the es-

tate is insolvent, will be regarded as an exhaustion of the legal remedies and entitle him to equitable aid to enforce collection of the adjudicated debt against property which has been fraudulently conveyed. * * * The allowance, by the probate court, of a claim against a decedent's estate is the equivalent of a judgment for the purpose of maintaining a creditor's bill. 14 Am.Jur., Sec. 32, p. 695."

It should be noted that the rule in question has been modified by Section 509.070 RSMo 1949, V.A.M.S., which provides that a claim for money and a claim to have a fraudulent conveyance set aside may be joined in the same action "without first having obtained a judgment establishing the claim for money." The personal representative of decedent was not a party to the instant action and it is apparent that plaintiff made no effort to come within the provisions of that statute.

It follows from what we have heretofore said that the petition herein did not state a claim upon which the relief sought could be granted. In an effort to escape the effect of the defect noted, plaintiff's attorney stated in oral argument before this court that during the pendency of this appeal plaintiff had obtained the allowance of a demand in the sum of approximately $1,200 for services rendered to the decedent. We, of course, cannot take notice of a matter of that nature which has occurred since the trial. We observe, however, that since we have not reviewed the case on the merits and have ruled that the action was, in a sense, prematurely brought, plaintiff will not be barred by our decision herein from instituting, if she so desires, a new suit to set aside the deed in question. Heagerty v. Hawkins, Mo.Sup., 173 S.W.2d 923; Gragg v. Northwestern Nat. Ins. Co., 140 Mo.App. 685, 126 S.W. 766.

The judgment herein is reversed and cause remanded with directions to the trial court to dismiss plaintiff's petition, without prejudice.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.