**CARTER OIL COMPANY, a Corporation, Appellant,**

v.

**Aubrey T. TAYLOR, Lester Taylor and Alice P. Taylor, Respondents.**

No. 46775.

Supreme Court of Missouri, Division No. 1.

March 9, 1959.

Motion for Rehearing or to Transfer to Court En Banc Denied April 13, 1959.

W. Raleigh Gough, Kansas City, for appellant.

Robert D. Youle, Lathrop, Righter, Blackwell, Gordon & Parker, Kansas City, for respondents, Aubrey T. Taylor and Alice P. Taylor.

HOLLINGSWORTH, Judge.

Plaintiff, the Carter Oil Company, has appealed from a judgment of the trial court dismissing its action in attachment against defendants, all of whom are non-residents and not subject to personal service of process, on grounds the court had acquired no jurisdiction of either the persons of defendants or the *res* attached, to wit: certain real estate in Jackson County, Missouri.

In ruling the questions presented we take as true the allegations of the petition and admissions of defendants. The petition contained three counts. Count I sought judgment on a promissory note executed and delivered by defendants Aubrey T. Taylor and Lester Taylor to plaintiff on August 20, 1956, by which they promised to pay plaintiff, on December 1, 1956, the sum of $6,049.71 and on which there was due and unpaid the sum of $4,436.63 and attorney's fees. Count II sought recovery on an open account in the sum of $55 owed by Aubrey T. Taylor and Lester Taylor to plaintiff. Count III adopted the allegations of Count I of the petition and further alleged:

1. "On February 5, 1957, the indebtedness alleged and referred to in Count I of this petition was then past due and unpaid. On or about said date defendant Aubrey T. Taylor completed the purchase of certain real estate in Jackson County, Missouri, from Elmer L. Ridings and Billie Maxine Ridings, his wife, said real estate being described as follows: (Here follows description of a tract of real estate in Kansas City) and caused the conveyance thereof to be made to himself and his wife Alice P. Taylor, as tenants by the entirety, which deed was thereafter recorded in Jackson County, Missouri, at Independence, on February 13, 1957.

2. "Said defendant Aubrey T. Taylor had said real estate conveyed to himself and his wife, as aforesaid, for the fraudulent purpose of hindering, delaying and defrauding his creditors, including this plain-

tiff, in the collection of their just demands. At the time of receiving such conveyance, the said Aubrey T. Taylor was insolvent in that he did not have sufficient funds and assets to pay his debts as they accrued and did not have sufficient assets or property, standing in his own name, out of which his creditors could enforce their claims. Said conveyance was voluntary as far as the said defendant Alice P. Taylor was concerned, in that she did not pay any part of said purchase price or contribute thereto.

3. "Thereafter, in further pursuance of such plan and purpose to hinder, delay and defraud his creditors, including this plaintiff, the said Aubrey T. Taylor devoted his time, efforts and resources to the erection and construction of valuable improvements upon said real estate, his intent being to put the fruits of his said efforts in such form that his creditors could not reach the same.

4. "Plaintiff states that the said Aubrey T. Taylor and Lester Taylor do not have sufficient assets or property, available to process in favor of plaintiff, for plaintiff to collect its just and lawful claims against said defendants, and that the said conveyance of said real estate should be set aside so that said property shall become subject to the claims of plaintiff.

5. "Plaintiff states that the defendants, Aubrey T. Taylor, Lester Taylor and Alice P. Taylor, are non-residents of the State of Missouri and cannot be served with the ordinary process of law within the State of Missouri, and plaintiff asks for service of publication herein against said defendants.

"Wherefore, in the event plaintiff is held entitled to recover under Count I herein, plaintiff prays that the said conveyance of said real estate to the said Aubrey T. Taylor and Alice P. Taylor be set aside and for naught held as to plaintiff, and that the legal and equitable title thereof be adjudged vested in the said Aubrey T. Taylor alone and subject to the claims of plaintiff, and that said property be sold and the proceeds thereof applied to the payment of such judgment recovered by plaintiff under Count I hereof and that plaintiff be given such other and further relief as in the premises may seem just and equitable."

Attached to the petition is the affidavit of plaintiff's attorney, reading as follows: "W. Raleigh Gough, having been duly sworn, upon his oath states that he is attorney for the plaintiff in the above entitled action and makes this affidavit on its behalf; that the matters and things stated in the above and foregoing petition are, to affiant's best knowledge and belief, true and correct."

On the day of the filing of its petition, plaintiff also filed its verified affidavit for writ of attachment alleging the indebtedness of Aubrey T. Taylor and Lester Taylor as pleaded in the petition and that they were non-residents of the State of Missouri. A writ of "attachment and summons" was issued directed to the Sheriff to attach such lands and chattels of defendants Aubrey T. Taylor, Lester Taylor and Alice P. Taylor "as will be sufficient to satisfy the sum of ($4,436.63) Four Thousand Four Hundred Thirty-six dollars 63/100 cents, with interest and costs," pursuant to which the Sheriff levied upon and attached the aforesaid real estate and made a *non est* return as to the persons of defendants, and all defendants were summoned by process of publication. Thereafter, defendants Aubrey T. Taylor and Alice P. Taylor, expressly limiting their appearance for the purpose of their motion only, moved that the attachment be dissolved and that the summons, levy, return, abstract of attachment and order of publication be quashed and the petition dismissed. Upon consideration of said motion, the court found and determined that:

"No claim of indebtedness is made in Defendants' Petition against defendant Alice P. Taylor, and no Affidavit in Attachment was filed as to her, and no basis of suit by attachment exists as to defendant Alice P. Taylor.

"Plaintiff's Petition and affidavit in attachment alleges indebtedness of defendant Aubrey T. Taylor, but none of his individual property subject to attachment has been attached herein.

"Realty held by spouses by tenancy by the entirety is not under Missouri law subject to attachment upon the sole indebtedness of one of the spouses, and the realty described * * * was not subject to attachment upon the indebtedness of defendant Aubrey T. Taylor alone.

"No property of either of said defendants Aubrey T. Taylor or Alice P. Taylor has been attached herein, so this Court has no *in rem* jurisdiction, and has no basis of jurisdiction under R.S.Mo.(1949) Sec. 506.160 [V.A.M.S.] to proceed to substituted service by publication of service, and has no basis of jurisdiction to proceed with this cause."

Following such findings, the court "ordered, adjudged and decreed" that the attachment and levy and recorded transcript thereof be dissolved; that the order of publication be quashed; that the petition be dismissed without prejudice, on grounds that the court had "neither personal or basis of *in rem* jurisdiction as to either of them," and that the costs be adjudged against plaintiff.

Plaintiff concedes that no property of defendant Lester Taylor was seized under the writ of attachment and that, for want of personal service of process upon him, the action of the trial court in dismissing the cause to him was proper. For convenience we sometimes refer to Aubrey T. Taylor and Alice P. Taylor as though they were the only defendants.

■ Defendants have filed a motion to dismiss the appeal, the grounds of which are (1) plaintiff was not aggrieved by any final appealable judgment or order and (2) plaintiff filed no motion for new trial. Suffice to say that, although the judgment purported to dismiss the petition without prejudice, yet the court further found and adjudged that the real estate, record title to which was in defendants Aubrey T. Taylor and Alice P. Taylor, husband and wife, in an estate by the entirety, was not subject to attachment for the alleged indebtedness of Aubrey T. Taylor to plaintiff under the facts alleged in Count III of the petition. In so holding, the court necessarily dismissed this count with prejudice. Its jurisdiction was exhausted and plaintiff's right to subject the real estate to the lien of the alleged indebtedness was lost to it, unless it has the right of appeal. Under such circumstances, plaintiff's right of appeal is clear. Douglas v. Thompson, Mo.Sup., 286 S.W.2d 833, 834; Healy v. Atchison, Topeka & Santa Fe R. Co., Mo.Sup., 287 S.W.2d 813. Neither was it necessary to file a motion for new trial to obtain review of the dismissal of an action on grounds the petition showed upon its face that the court was without jurisdiction of the subject matter. S.Ct. Rule 3.23, 42 V.A.M.S. The motion to dismiss is overruled.

Section 428.020 RSMo 1949, V.A.M.S. (all statutory references herein are to said revision unless otherwise indicated), provides: "Every conveyance or assignment in writing, or otherwise, of any estate or interest in lands, * * * made or contrived with the intent to hinder, delay or defraud creditors of their lawful * * * debts or demands * * * shall be from henceforth deemed and taken, as against said creditors and purchasers, prior and subsequent, to be clearly and utterly void." Section 521.510 provides that "Any attaching creditor may maintain an action for the purpose of setting aside any fraudulent conveyance * * of * * * any property attached in any action instituted by him; * * *." Section 507.040 provides that "All persons may be joined in one action as defendants if there is asserted against them jointly (or) severally * * * any right to relief in respect of or arising out of the same transaction, * *. A plaintiff or defendant need not be interested in obtaining or defending against all of the relief demanded." Section 509.070 provides that " * * * a plaintiff may state a claim for money and a claim to have set

aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money; * * *."

■ It is contended by defendants that the latter section (509.070) is procedural and does not affect substantive rights, citing Jones v. Davis, Mo.Sup., 306 S.W.2d 479, and Johnson v. Fotie, Mo.Sup., 308 S.W.2d 662, 666. The law declared in those cases and in many others is, as stated in Johnson v. Fotie, supra, loc. cit. 666: " 'The general rule of law is that a mere general or simple creditor cannot maintain a suit in equity to set aside a fraudulent conveyance, and that "only judgment creditors and those who have a legal or equitable lien on the property," or who have commenced attachment suits against the property, can maintain such suit.' (Jones v. Davis, supra, and other cases cited.) The above cases indicate that if the amount of the indebtedness is judicially admitted, or if the debtor is not subject to being served by the ordinary process of law, the rule requiring that the claim be reduced to judgment is not strictly applied. See also Publicity Building Realty Corporation v. Thomann, 353 Mo. 493, 183 S.W.2d 69." The opinion then goes further (loc. cit. 666) and expressly declares that the statute (509.070) does modify the general rule to the extent that both claims may be joined in the same action, provided, however, that plaintiff must first establish in such action the debts pleaded in Counts I and II prior to trial and rendition of judgment in the cause of action pleaded in Count III. If defendant Aubrey does not enter his general appearance, any judgment rendered in favor of plaintiff on Counts I and II would be judgments in rem only and satisfaction thereof limited to and conditioned upon plaintiff also recovering judgment on Count III. If, however, Aubrey does enter his appearance, then plaintiff, upon giving bond required by the attachment statute, Section 521.050, could proceed to seek a personal judgment against him on Counts I and II and, if successful, proceed to trial of Count III for the purpose of enforcing the money judgment. If plaintiff, upon entry of appearance and answer of defendants Aubrey and Alice, does not give the bond required by Section 521.050, then the attachment would abate as a matter of course and the real estate would not be subject to any judgment rendered in favor of plaintiff on Counts I and II. We hold that plaintiff was not required to reduce the debt alleged to judgment as a prerequisite to the maintenance of this action.

■ Defendants further contend, however, that the attachment should be dissolved because the "claim of indebtedness is solely against Aubrey; no debt of his wife Alice is or could be claimed. No affidavit in attachment, which is a jurisdictional requirement, was filed against Alice. Therefore the question is whether any of Aubrey's property was validly attached." It is true that the separate affidavit for attachment, filed under the provisions of Section 521.-060, stated that plaintiff had a just demand against Aubrey T. Taylor and Lester Taylor in the sum of $4,436.63 and attorney's fees on Count I of the petition and in the sum of $55 on Count II thereof. But, under the pleadings in this case, plaintiff makes no claim of *indebtedness* against Alice. Its claim against her is that she and Aubrey hold a record title in an estate by the entirety to the real estate attached and that such title was voluntarily placed in her and Aubrey by fraudulent contrivance of Aubrey to hinder, delay and defraud plaintiff in the collection of said indebtedness, and that said conveyance was, therefore, "utterly void" under Section 428.020. Those allegations clearly authorized plaintiff to join Alice as a party under Section 521.510 (which provides that any attaching creditor may maintain an action to set aside any fraudulent conveyance of any property attached in any action instituted by him). But, due to the non-residence of Alice, jurisdiction of any title asserted by her to the real estate could be had only by attachment. The writ of attachment, issued pursuant to the verified allegations of the petition and the separate affidavit, directed the Sheriff to attach the lands of "Aubrey T.

Taylor, Lester Taylor and Alice P. Taylor," and to summons them to appear. The property was attached and, upon *non est* return of summons, publication was issued. Clearly, these proceedings gave the court jurisdiction of the interest of Alice in the *res* for the purpose of determining the issue of whether the real estate should be subjected to the lien of plaintiff's claim.

■ In so deciding, we have not overlooked the cases cited by defendants in support of their contention. Some of those cases were written prior to 1945, when the statute (now Section 521.050) provided that an attachment based upon non-residence of a defendant and which had been issued without bond should, upon entry of appearance and answer of defendant, be dissolved. In 1945, the statute was amended to permit a plaintiff who had obtained such writ to have it continued in force if, within 10 days after appearance and answer, plaintiff filed bond. Others of the cases cited by defendants dealt with instances where, upon trial, the attachment had been dissolved on some phase of the merits of plaintiff's case. Of course, when an attachment directed against a nonresident defendant is dissolved for failure of plaintiff to give bond after the defendant has appeared and answered or for failure of plaintiff's case on the merits, then, as held in the cases cited by defendants, jurisdiction over the *res* fails. None of those cases is in point.

■ The final question for determination is whether the court erred in holding that realty owned by Aubrey and Alice in an estate by the entirety is not subject to attachment for the sole debt of Aubrey. Section 428.020, declaring a conveyance contrived under the circumstances alleged in this case to be "utterly void," entitles plaintiff to invoke the jurisdiction of a court of equity to have the conveyance set aside. Assuming the allegations of plaintiff's petition to be true, Aubrey is the sole beneficial owner of the real estate and in equity is held to be the sole grantee and owner thereof, to the end that it may be subjected to the payment of his indebtedness to plaintiff. Herriman

v. Creason, 352 Mo. 1176, 181 S.W.2d 502, 504. That rule likewise applies where the debtor, for the purpose of defrauding his creditors, causes his land to be conveyed to himself and wife in an estate by the entirety. Farmers & Traders Bank v. Kendrick, 341 Mo. 571, 108 S.W.2d 62. So, too, we think it clear that it must be held to apply to the transaction here in question. This, on the theory pleaded in the petition that the grantors, Ridings and wife, at the instance of Aubrey, were in effect mere conduits in effecting the fraudulent conveyance to Aubrey and wife, rather than to Aubrey, who was the actual purchaser.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

All concur.